# Robertson *v.* Black.

### *Final Settlement of Administrator's Accounts.*

1. *Sufficiency of exception.*—It is the office of a bill of exceptions to point out, clearly and distinctly, the error of which the party complains; and a general exception to several rulings, one of which is free from error, or which are only objectionable in part, will not be sustained.

2. *Objection to credit claimed by administrator.*—When an administrator, on final settlement of his accounts, claims a credit for an account held by him against his intestate, part of which is barred by the statute of limitations, an objection to its allowance, not limited to the part which is barred, but addressed to the entire account, may be overruled entirely; and the same rule applies to an objection to the allowance of interest on the account, when part of it is a proper charge.

APPEAL from the Probate Court of Shelby.

Tried before the Hon. JAMES T. LEEPER.

BREWER & BREWER, and WATTS & SONS, for appellant.

STONE, J.—This is an appeal from the judgment of the Court of Probate, on the final settlement of the accounts of the appellee, as administrator of the estate of John Sansom, deceased. On the settlement, the appellee claimed a credit of two thousand dollars, upon an account for the care and support of the intestate, who was shown to have been an invalid, for the ten years immediately preceding his death. The undisputed facts were, that the support of the intestate was reasonably worth about two or three hundred dollars per year, for the first few years, and about five or six hundred dollars per year, for the last two years of his life. The appellee also claimed a credit for interest upon this account, from the death of the intestate, until the day of settlement. Both of these credits were allowed by the Court of Probate, against the objection of the appellant, who was the heir of the intestate. The single exception reserved to the rulings of the court is thus stated in the bill of exceptions: "To this ruling of the court, and to the allowance of said items of credit, the contestant excepted."

[Garland v. Watson.]

It is the office of a bill of exceptions clearly and distinctly to point out the error by which the party complaining claims to have been injured. If the exception is general, taken to several rulings of the court, and any one of them is free from error, the judgment will be affirmed.—*Smith v. Sweeney*, 69 Ala. 524; *McGehee v. State*, 52 Ala. 224. So, of an exception taken to a ruling of the court, sustaining or overruling an objection to the introduction of evidence in a mass; the court is not bound to distinguish between the legal and illegal parts. *Boswell's case*, 63 Ala. 307; 1 Brick. Dig. 886, § 1186.

In the present case, it is contended for the appellant, that that portion of the account which was for the support of the intestate prior to the three years next preceding his death, was barred by the statute of limitations of three years, and should have been disallowed by the court. We can not assent to this. The credit was claimed as an entirety; and it is not denied by the appellant, that the claim for compensation for the support of the intestate, for the three years next preceding his death, was a just, subsisting demand upon the estate, and that against it the statute had not perfected a bar. It was the duty of the appellant to have pointed out the portion of the account to which his objection was applicable; and not having done so, the court did not err in overruling it.

The same reasoning is equally applicable to the allowance of interest upon the account, from the death of the intestate, to the day of settlement. He was, to say the least, entitled to interest upon the amount due him for the support of the intestate, for the last three years.—*Parker v. Parker*, 33 Ala. 459. The objection to the allowance of the interest, as that to the principal, was to it as a whole, not distinguishing between the part which was, and that which was not, barred by the statute of limitations.

We find no error in the record, and the judgment of the Court of Probate is affirmed.