# Denman v. Payne.

*Final Settlement of Administrator.*

(Decided July 2, 1907.  44 South. 635.)

1. *Equity; Finding of Register; Review.*—The finding by a register based on evidence a material portion of which is oral, will be treated on appeal as would the verdict of a jury.

2. *Administrators; Sale of Lands; Purchaser; Caveat Emptor.*—When the lands of an estate are sold in the course of an administration, the court is the vendor and the thing sold is the title and interest of the decedent at his death, and the doctrine of caveat emptor applies and the administrator cannot charge the estate for failure of any warranty of title or failure of title otherwise.

3. *Mortgages; Payment; Effect.*—The payment of a mortgage debt divests the title passing by the mortgage under the express provisions of section 1067, Code 1896.

4. *Administrators; Accounting; Credit.*—Where an administrator satisfies a mortgage debt on lands of the estate out of the proceeds of a sale thereof had under an order of the court without taking a transfer of the mortgage as a condition precedent to the payment thereof he is not entitled to credit for such payment.

APPEAL from Cleburne Chancery Court.

Heard before Hon. J. R. BARKER, Special Chancellor.

Final settlement by James A. Denman, administrator. The chancellor sustained exceptions to the report of the register and enhanced the liability of the administrator, from which judgment the administrator appeals. Reversed and remanded. For a former report of this case, see 38 South. 1034.

KNOX, ACKER & BLACKMON, for appellant.—All reasonable presumptions are indulged in favor of the register's report and decisions upon questions of fact.— *Mahone v. Williams,* 39 Ala. 202; *Jones v. White,* 112 Ala. 449; *Woodrow v. Hawving,* 105 Ala. 240; *Pollard v. Am. F. L. M. Co.,* 139 Ala. 183; *Williams v. Norton,*

139 Ala. 402. The payment of the mortgage should have been allowed as a credit.—11 A. & E. Ency. of Law, 1260; *Mahoney v. Stewart*, 123 N. C. 106; *Henigin v. Harlee*, 10 Richt. (S. C.) 285; 131 P. St. 584; 52 Pa. St. 155; 30 Ind. 215.

BLACKWELL & AGEE, for appellee.—There was no error in the chancery court's charging said administrator with the said $940.00 with interest from March 3, 1901.—*Harrison v. Oakley*, 118 Ala. 215; *Munden v. Bailey*, 70 Ala. 63; Code of Alabama, § 176. The chancery court did not err in charging said administrator with $50.86 with interest from November 5, 1898.—109 Ala. 117. There was no error in the chancery court's charging said administrator with the $3,333.83 with the interest thereon from May 28, 1901.—*Pryor v. Davis Adm'r*, 109 Ala. 117; *Fielder Ex. v. Childs*, 73 Ala. 567; *McNeill v. McNeill*, 36 Ala. 109, 119; *Doe Ex. Dem. Duvall Heirs v. McClosky*, 1 Ala. 734; *Perkins v. Winters*, 7 Ala. 855; *Duvall Heirs v. P. & M. Bank*, 10 Ala. 636; *Jones v. Woodstock Iron Co.*, 95 Ala. 552; *Lindsay v. Cooper*, 94 Ala. 170; Code of Alabama, § 179; 3 Mayfield Digest, page 695.

McCLELLAN, J.—The points of contention on this appeal are three in number, and relate to items of account on final settlement of an administration. The register, in his report on reference to him to state the account, refused to charge or credit, respectively, the administrator with the items hereafter mentioned, but the chancellor sustained exceptions to the report, and that action enhanced the liability of the personal representative as by the register ascertained. Where, on reference to a register, the testimony in material proportion on an issue of fact to be by him determined and reported,

is delivered by witnesses ore tenus, the finding by him will be treated as would be the verdict of a jury, not to be disturbed unless illegal in itself, or grounded in testimony subject to objections interposed, or so illy supported by the testimony taken as would warrant a trial judge in annulling the verdict of a jury under similar circumstances.—*Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720; *Pollard v. Land Co.,* 139 Ala. 200, 201, 35 South. 767.

The first item involves the charging by the chancellor of the administrator with an indebtedness of $50.86 due from him to his intestate. The register reported this liability as such, but found it to have been discharged by payment. The testimony as to payment was admitted in violation of section 1774 of the Code of 1896, and, the objections and exceptions to that effect being well taken, there was no legal evidence of payment considerable; hence the action of the chancellor as to this item was well advised.

The decree charges the representative with $940 because of his dereliction in failing to collect the sum from a noncomplying purchaser of lands of the estate sold by decree of the probate court; the amount being the difference between the unpaid highest bid of $1,500 and the purchasing and paid bid of $560 on the second sale, or resale, ordered by the probate court. The register, at the instance of the administrator, on testimony largely oral, justified, as the fact found will do in such cases, his dereliction in the premises on the ground that the noncomplying purchaser was insolvent. In view of the rule announced, we do not think, and accordingly hold, that the chancellor was warranted in sustaining the exceptions to this feature of the report. It might be, though it is unnecessary to so decide, that the register's finding could be approved because of the variance between the

[Denman v. Payne.]

terms and time of the two sales.—*Howison v. Oakley,* 118 Ala. 215, 23 South. 810.

The last item, of the refusal to allow which as a credit the appellant complains, arises from this state of facts: The intestate was indebted, evidenced by note and mortgage, to W. G. Milligan for about $2,800, which evidences of indebtedness were duly presented to the administrator as a claim against the estate of intestate. After the maturity of the note, which was after the death of the decedent, the administrator and mortgagee, with a view to saving costs, etc., agreed that instead of a foreclosure of the mortgage the administrator should procure the sale, by order of the probate court, of the land covered by the mortgage for the purpose of paying debts of the estate; that the purchaser should get the whole title, though subject to the mortgage; but that mortgage debt should be paid out of the proceeds of the sale. The order of sale for the purpose of paying debts of the estate was entered, the sale had, the purchase money collected, and the administrator paid the indebtedness of Milligan, which, with interest, consumed nearly the entire purchase money. The appellee insists that no credit be allowed the administrator for the payment to Milligan, and presents the cases of *McNeill v. McNeill,* 36 Ala. 117, 76 Am. Dec. 320, and *Pryor v. Davis,* 109 Ala. 117, 19 South. 440, as decisive of her contention. The chancellor so held, and disallowed the credit.

Where lands of an estate are sold through the probate court in course of an administration, the court is the vendor, the subject of the sale is the title or interest owned by the decedent at his death, the doctrine of caveat emptor applies to the sale, and the representations, agreements, and warranties of the personal representative are vanities, since he is but the agent, with

law-limited powers, of the court.—*Pryor v. Davis, supra.* Whatever may have been the assumptive representations, agreements, or warranties of the appellant to or with the purchaser at the sale, or to or with the mortgagee, nothing save the decedent's equity of redemption in the real estate was sold to or bought and paid for by the purchaser. Such sale did not serve to affect in any way the liability of the estate for the debt.—Jones on Mort. § 1220, and note; *Rogers v. Meyers,* 68 Ill. 92. Nor, because of such sale, was the personal representative, any more than would have been the mortgagor similarly circumstanced, possessed of an equity to compel, under the doctrine of the marshaling of assets, the mortgagee to elect to exhaust the security before seeking satisfaction as upon the debt itself.—*Junkins v. Lovelace,* 62 Ala. 271.

The payment of the mortgage debt ipso facto reinvests the legal title in the owner of the equity of redemption. —Code 1896, § 1067. So that in this instance the payment of the Milligan mortgage debt effected to invest the purchaser of the equity of redemption with the superior legal title released by such payment. In view of this result, contingent upon such payment of the mortgage debt, it was the duty of this administrator to exact of the mortgagee as a condition precedent to payment of the amount of the mortgage debt to Milligan, the assignment of the mortgage securing the debt, which, if done, would have become an asset of the estate. The principle, and the reason underlying it, is thus set forth in *Junkins v. Lovelace, supra:* "If a judgment creditor, other than the mortgagee, sells the equity of redemption, the mortgagor reaps the benefit of that equity, by having it applied towards the payment of his debts, and the mortgage debt remains, without any confusion, as a distinct and separate incumbrance; and if the mortgagee, in such

a case, should elect to proceed against the original debtor at law, instead of seeking to foreclose his mortgage, and should endeavor to collect his money out of other property of the mortgagor, this court must either stay such a proceeding, or compel him, upon payment, to assign over his debt and security to his debtor, so as to enable the debtor to indemnify himself out of the mortgaged premises. The one course or the other would be indispensable to prevent the purchaser of the equity from obtaining and holding the whole interest in the land, when he purchased and paid only the value of the equity of redemption.' Nor can any inquiry be entered upon as to whether the purchaser bid and paid more than the real value of the equity of redemption. The maxim, 'caveat emptor,' applies in all its rigor to judicial sales, and, no fraud being imputable, the injudiciousness of the purchaser cannot create an equity in his favor." This principle was applied in *Pryor v. Davis* and *McNeill v. McNeill, supra,* as erecting and measuring the duty of a personal representative under the circumstances stated and in this instance present.

We can discover no reason why the principle should not be applicable to a solvent, as to an insolvent, estate. In the former, the dereliction wrought by the full satisfaction of the mortgage debt would be a wrong to the heir or distributee; and in the latter to the creditors generally. In both, general assets would be used to enhance, without recompense, the title purchased at the sale. Upon merely casual consideration the applied principle would seem without sound reason to qualify the rule of duty that, in a proper case, the personal representative should pay the just demands against the estate, and that in so doing, on final settlement, credit therefor should be given him. But the distinction is warrantably drawn that payment of the mortgage debt

[Denman v. Payne.]

will not only serve to release the estate from all liability therefor, but that the immediate effect is that the purchaser of the mere equity of redemption is made the beneficiary of an added and superior title for which he has paid nothing. The benefit, the additional and superior title, is the proximate result of an expended consideration afforded, alone, by the estate.

The appellate courts of the state of Missouri have had occasion to deal with the principle here involved; and, without passing upon the correctness or incorrectness of the conclusions announced in those cases, we cite them as bearing upon the principle discussed.—*Greenwell v. Heritage*, 71 Mo. 459; *Welton v. Hull*, 50 Mo. 296; *Swan v. Thompson*, 36 Mo. App. 155; *Jackson v. Magruder*, 51 Mo. 55. And see 2 Amer. Law of Administration, § 408. Our court, as stated above, has determined the question in the three authorities cited; and from these we will not depart. So the credit sought by appellant must be denied him, affirming the conclusion reached by the special chancellor. What the rights or equities, if any, to which the administrator may be subrogated, to the end that he may be reimbursed, we need not decide.

The decree below is reversed, for the error indicated above, and the cause is remanded for further proceedings in the court below.

Reversed and remanded. All the Justices concur.