# McKenzie v. Matthews, et al.

*Bill to Remove Administration Into Chancery Court and for Final Settlement.*

(Decided Nov. 19, 19907. 44 So. Rep. 958.)

1. *Limitation of Action; Notes Secured by Mortgage.*—The fact that a note not under seal is secured by a mortgage on land under seal does not prevent the statute of limitation of six years from running against the debt.

2. *Administrators; Accounting; Credits.*—An administrator is not entitled on final settlements to be credited with the amount of the proceeds of lands sold under an order of the court sought by him and conveyed to the purchaser after confirmation although his mortgage on the land be not satisfied.

*3. Same; Claim Against the Estate; Necessity for Filing.*—An administrator is not entitled to be credited on a setlement with money paid to himself on a claim held by him on the estate unless he has complied with the requirements of section 129, Code 1896, and the burden is on him to show such compliance.

*4. Same; Settlement; Reference; Parties.*—An order of reference and a report thereon under a bill against the administrator for settlement of the estate was not void because one of the complainants was then dead and her estate was not represented, where before final decree was rendered thereon her personal representative had been made a party and was represented.

*5. Same.*—A final decree in favor of one of the complainants as guardian ad litem of a certain person who was not a party and who was not shown to have any interest in the estate, was erroneous.

*6. Appeal; Review; Finding by Register.*—Where the evidence is conflicting the finding thereon by the register has the same weight as the finding of a jury and this court will not disturb it unless palpably erroneous.

APPEAL from Coosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Mamie Ware Matthews and others against J. D. McKenzie, administrator. From the decree, the administrator appeals. · Corrected and affirmed.

D. H. RIDDLE, for appellant. Where the creditors and the heirs are not injured they have no right to complain.—*Patapsco Guano Co. v. Ballard*, 107 Ala. 710. After the court has acquired jurisdiction of the estate it will do equity between all parties concerned.—*McConico v. Cannon*, 25 Ala. 462. The report of the register is void because Mamie Ware Matthews had died prior to that time, and her estate was not represented.—*McConnico v. Cannon, supra.* The court erred in allowing the claim of the partnership.—4 Malf. 413.

GEORGE A. SORRELL, for appellee. Papers that are found in the possession of the maker are presumed to be paid.—*Potts v. Coleman*, 67 Ala. 221; *Cobb v. Bryant*, 86 Ala. 316; 4 A. & E. Ency. of Law, 318. After mortgaged property has been sold by an order of the

court the administrator is not entitled to credit for money paid to the mortgagee in settlement of the mortgage debt.—*McNeil v. McNeil*, 36 Ala. 117; *Pryor v. Davis,* 109 Ala. 117.

DENSON, J.—This is a bill by the distributees of an estate to remove the administration from the probate court into the chancery court and for a final settlement of the estate in the chancery court. The chancery court assumed jurisdiction and directed the administrator to file a report showing the condition of the estate. He filed a report showing that the estate was insolvent. A reference was held by the register, under a decretal order made by the chancellor, and he reportd that the estate was solvent. This report was confirmed, the administrator was ordered to file his accounts and vouchers for a final settlement, and the register was ordered, when the same were filed, to hold a reference for the purpose of passing upon and auditing said account. The administrator filed his accounts and vouchers, a reference was held, and a report was made ascertaining the balance in the hands of the administrator, showing the outstanding claims against the estate and to whom they were due. This report was by the chancellor corrected in some particulars, and confirmed as corrected; and a final decree was rendered against the administrator, in favor of the creditors, for the amounts found to be due them, respectively, and in favor of the distributees for their respective shares of the balance left in the administrator's hands after paying the debts and the expenses of the administration of the estate, including court costs. From this decree the administrator appeals.

Numerous grounds of error are assigned, but it is not deemed necessary to consider them in detail. The principal subject of contention in the case is a debt claimed

by the administrator against the deceased. The debt is evidenced by notes and a mortgage given to secure them. The mortgage covers land owned by the deceased at his death. The notes were given in 1891, and fell due in 1892, 1893, and 1894; the last one on March 12, 1894. The notes were not sealed instruments. Appellant's intestate died in December, 1900, and the mortgaged lands were sold by the administrator, as the property of the estate, under an order of the probate court, to pay debts. The administrator sought, on the report of insolvency and in his account for a final settlement, to have credit for the proceeds of the land (which amounted to less than his claim under the notes and mortgage) as paid to himself on his claim against the decedent. This claim was resisted by the appellees, first, on the ground that the notes evidencing the debt were barred by the statute of limitations of six years. The administrator, in response to this insistence, contended that the mortgage being under seal prevented the bar of the statute. "Debt evidenced by a simple promissory note is barred by the statute of six years, and, though secured by a mortgage, it still remains a simple contract; * * * and the fact that real estate is pledged as collateral security for its payment, by way of mortgage, cannot render it a specialty."—Angell on Limitations (6th Ed.) §§ 73, 92. And, whatever may be the rights or the remedy of the mortgagee in respect to the lien on the property mortgaged, his right to participate in the distribution of the estate and his remedy to enforce the debt are cut off by the statute of six years.—Angell on Lim. (6th Ed.) § 73; *Clarke v. Tiger*, 2 Stark. 234; Id., 3 Com. Law, 330; *Jackson v. Sackett*, 7 Wend. (N. Y.) 94; *Slaymaker v. Wilson*, 1 Pen. & W. (Pa.) 219; *Smith v. Gillam*, 80 Ala. 296; *Duval's Heirs v. McLoskey*, 1 Ala. 708; *Hood,*

[McKenzie v. Matthews, et al.]

*Adm'r, v. Hammond,* 128 Ala. 569, 30 South. 540, 86 Am. St. Rep. 159.

It is also insisted by the complainants that, conceding the mortgage was unsatisfied, yet, the administrator (the mortgagee) having sold the real estate mortgaged under the order of the probate court obtained by him, and by order of the court conveyed to the purchaser after the report of the sale was confirmed, he is not entitled to credit for his debt as having been paid out of the proceeds of the sale. The cases of *McNeill's Adm'r v. McNeill,* 36 Ala. 117, 76 Am. Dec. 320, and *Pryor v. Davis,* 109 Ala. 117, 19 South. 440, are cited in support of this insistence. These two cases have been recently considered and reaffirmed in the case of *Denman v. Payne,* 152 Ala. 342, 44 South. 635. The only difference between the case in judgment and the case last cited lies in the fact that here the administrator is the mortgagee. We are unable to see that this difference is material or that it can be made to operate, in favor of the administrator, to exclude the case from the influence of the principle there declared; and our conclusion, rested on the considerations expressed in that case, is that the administrator was not entitled on his settlement to the credit of $800, and that the decree of the chancellor so holding is correct. Furthermore, we find in the record (page 39) that, in the contest filed to the report of insolvency, the specific objection was made to this claim of the administrator that it was "never filed in the court where said estate was being administered within the time and as required by law." Section 129 of the Code of 1896 requires personal representatives holding claims against the estates they represent to file the same in the office of the judge of probate, and all claims not so filed are barred and their payment prohibited. It devolved upon the administrator to show the filing according to the statute.

—*Evans v. Norris,* 1 Ala. 511; *Mitchell v. Lea,* 57 Ala. 46. It does not appear that this claim was filed according to statute, and for this additional reason the chancellor did not err in disallowing it.

The account was referred to the register for the taking of evidence upon it. He heard the evidence and reported his conclusion. There is evidence both for and against the disputed items. Some of the evidence was taken ore tenus; but, considering the legal testimony and leaving out of view that which was illegal and objected to, we cannot say that the conclusions of the register were wrong, and, adhering to the rule so frequently announced by this court, hold that they should not be disturbed. —*Mahone v. Williams,* 39 Ala. 202; *Pollard v. American, etc., Co.,* 139 Ala. 183, 35 South. 767; *Denman v. Payne,* 152 Ala. 342, 44 South. 635.

It is next insisted that the reference held May 30, 1904, and the report thereon, are void, because the evidence shows that one of the complainants was dead at that time and her estate was not represented.—*McConico v. Cannon,* 25 Ala. 462, is cited to support this insistence. That case decides that a decree rendered by the probate court, on the final settlement of an estate, distributing the share of a deceased distributee directly among his children, is erroneous, and subject to reversal on appeal sued out by his administrator, made a party to the decree, on petition for the purpose of taking an appeal. That is not this case. At the time the final decree here was rendered the personal representative of the deceased complainant Mamie Ware Mathews had been made a party and was represented. So this insistence must fail.

In his final decree the chancellor decreed against the administrator and in favor of K. N. Matthews, as guardian ad litem of Mabel Matthews. This was error. Mabel

Matthews was not a party to the suit, nor was she shown to have any interest in the estate. The decree should have been in favor of K. N. Matthews, as the administrator of the estate of Mamie Ware Matthews.

The decree appealed from will be corrected, in this respect, so that it will run in the name of K. N. Matthews as the administrator of the estate of Mamie Ware Matthews, deceased, instead of in his name as guardian ad litem of Mabel Matthews. As thus corrected, the decree of the chancellor appealed from is affirmed.

Corrected and affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.