[Nelson, et al. v. Hammonds.]

# Nelson, et al. v. Hammonds.

## Specific Performance.

(Decided April 13, 1911. 55 South. 301.)

1. *Specific Performance; Bill; Sufficiency.*—Where the bill alleges a contract for the sale and purchase of land, payment of part of the purchase price by the complainant and his taking possession and that respondent is attempting to or has contracted to sell 80 acres of said land to another, and that such other has entered and cut timber to plaintiff's damage; that complainant has offered to pay defendant the balance due, which defendant had refused to accept, that the purchaser of the 80 acres had notice of complainant's equity, and praying for specific performance, and an accounting for timber cut, and general relief, as well as for injunction to restrain defendant from disposing of said 80 acres, it was not demurrable for want of equity, even if the agreement alleged was not reduced to writing, the bill alleges a sufficient compliance with the statute of fraud by alleging part payment and the putting of complainant in possession, and any unnecessary allegation as to the subordinate relief sought could not have the effect to nullify the equity of the bill.

2. *Injunction; Dissolution.*—Section 4535 Code 1907, abrogated the former rule and now the court may consider the affidavit of the parties as well as the sworn bill and the answer on the motion to dissolve the injunction.

3. *Same; Affidavit.*—The reduction of plaintiff's testimony to writing after his oral examination before the chancellor on a motion to dissolve the injunction was not an affidavit within the meaning of section 4535 Code 1907, and should not be substituted for the affidavit required unless waived by the opposite party.

4. *Appeal and Error, Findings; Injunction.*—Conclusions for or against dissolving an injunction made on a motion for dissolution must, under the statutes, be treated on appeal as any other finding of fact at equity.

5. *Same; Record; Conclusiveness.*—An assertion in brief of counsel cannot be taken to supplement or contradict the record.

6. *Same; Findings; Conclusiveness.*—Where motion was made to dissolve an injunction and the complainant and his son were improperly permitted to testify orally and have their testimony reduced to writing, although irregular, this court will review the findings upon such testimony, the affidavits and sworn bill and answer, and the findings will not be annulled unless so insufficiently supported that a verdict thereon will be set aside, and this notwithstanding the chancellor's findings of the facts should have no weight upon a review thereof.

APPEAL from Limestone Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Daniel Hammonds against J. B. Nelson and another to specifically perform a contract for the sale of lands and for other relief. From a decree overruling demurrers to the bill and refusing to dissolve a temporary injunction, respondents appeal. Affirmed.

The bill alleges an agreement to purchase and a contract to sell certain lands described in the bill, the payment of a part of the purchase money, and the going into possession of the land. The bill further alleges that Nelson is attempting to sell, or has contracted to sell, to Frank Turner and Will Staten, 80 acres of said land, which is also described. It is then alleged from information and belief that the purchasers of the 80 acres have entered thereon and cut timber therefrom to the damage of orator in a large sum. The bill then offers to do equity, and further alleges that complainant has requested and offered to pay Nelson the balance due on said land, but that he declined and refused to permit him to do so. It is further alleged on information and belief that the purchasers had notice of the equity of the complainant at the time of their purchase. Attached to the bill are interrogatories propounded to each defendant, seeking to elicit testimony relative to the facts set up in the bill, and the prayer is for specific performance of the contract, and an accounting for timber cut, and for such other, further, and general relief as orator may be entitled to. Injunction is also sought against the respondents, restraining them from interfering with or disposing of the 80 acres pending the disposition of this cause. The other matters sufficiently appear from the opinion.

JAMES E. HORTON, JR., for appellant.—An answer that is a full, unequivocal and positive denial of every fact upon which the equity of the bill for an injunction

rests, entitles the defendant to a dissolution of the temporary injunction issued.—*Harrison v. Maury,* 140 Ala. 523; *Webster v. DeBardelaben,* 147 Ala. 280; *Weeks v. Bynum,* 158 Ala. 231; *Long v. Shepherd,* 159 Ala. 595; *Turner v. Stevens,* 106 Ala. 546; *E. & W. R. R. Co. v. E. T. V. & G. R. R. Co.,* 75 Ala. 275; *Barnard v. Davis,* 54 Ala. 555; *Hays v. Aldrichs,* 115 Ala. 239; *L. & N. Railroad Co. v. Philyau,* 94 Ala. 463; 2 High on Injunctions, Sec. 1505. A man who stands by and encourages or acquiesces in the sale of land which is his own, as the property of another, will be restrained from disputing the title of the purchaser, or even compelled to perfect it by conveying the estate to such purchaser.—Herman on Estoppel and Res Judicata, Sections 935, 943 and 961; *Fields v. Killion,* 129 Ala. 373; *Tobias v. Josiah Morris & Co.,* 126 Ala. 535; *Bain v. Wells,* 107 Ala. 562; *Forman v. Weil Brothers,* 98 Ala. 495; *Hendricks v. Kelly,* 64 Ala. 388; 16 Cyc. pp. 749 and 761; *Chancellor v. Law,* 148 Ala. 511. Upon the hearing of motions to dissolve an injunction, the court may consider the sworn bill and answer, whether the answer contains denials of the allegations of the bill or independent defensive matter, *and also such affidavits as any party may introduce.*—Section 4535 of the Code of 1907. Affidavits are only proper to be considered at hearing or motion to dissolve injunction in actions of waste or in the nature of waste.—*Harrison v. Maury,* 140 Ala. 543. On appeal from a final judgment or decree of the chancellor no weight shall be given to the decision of the chancellor upon the facts, the appellate court must hear the evidence and render such judgment as they think just.—*H. B. Claflin v. Muskogee Co.,* 127 Ala. 376; *Shaws v. Folmar & Son,* 133 Ala. 599; Code of Alabama of 1907, Sec. 5955, subdivision 1.

W. R. WALKER, for appellee. Contracts for convey-ance of land may be specifically enforced.—Pom. Spfc. Perf. Contr. Secs. 9-10; *Derrick v. Monette,* 73 Ala. 75; *Kirby v. Fike,* 27 Ala. 383; *Westbrook v. Hayes,* 37 Ala. 383; *Westbrook v. Hayes,* 37 Ala. 572; 1 Pom. Eq. Jur. Sec. 221; 4 Pom. Eq. Jur. Sec. 1402. A party must not be turned out of court when the proofs fix his right of recovery, but lessens its measure from what is averred in the pleadings.—*Bogan v. Daughdrill,* 57 Ala. 312, 316. The motion to dissolve an injunction cannot op-erate as a demurrer but is similar to the motion to dis-miss a bill for want of equity.—*E. & W. R. v. E. T. V. & G. R. Co.,* 75 Ala. 275; *Nathan v. Tompkins,* 82 Ala. 437; *Ex parte Campbell,* 130 Ala. 196. A complainant may have partial relief when he proves only a part of his claim unless the failure to prove it all makes a ma-terial variance.—*Shelby v. Tardy,* 84 Ala. 337; *Moses v. McClain,* 83 Ala. 370; 4 Pom. Eq. Jur. Secs. 1405-7. On a motion to dissolve an injunction the answer can only be considered in so far as it is responsive to the bill, ex-cept in so far as changed by section 4535 of the Code.— *M. & M. Ry. Co. v. Ala. Mid. Ry. Co.,* 123 Ala. 145; *Hart v. Clark,* 54 Ala. 490; *Jackson v. Jackson,* 34 Ala. 343; *Rogers v. Bradford,* 29 Ala. 474; *Moore v. Barkley,* 25 Ala. 739; *Mable Mine Co. v. Pearson, C. & I. Co.,* 121 Ala. 567; *Rembert v. Brown,* 17 Ala. 667; Second High Injunction (3rd Ed.) Secs. 1470-72, 1481-1513. The rule that on appeal from the chancery court no weight shall be given to the decision of the chancellor upon the facts, is only applicable on appeal where the Supreme Court has before it all the legal evidence and data which was before the trial court and where witnesses are ex-amined *ore tenus,* the decision of the chancellor stands upon the same footing as the verdict of the jury and will not be disturbed unless it is plainly erroneous.—

*Nelson v. Larmer,* 95 Ala. 300; *Woodrow v. Hawving,* 105 Ala. 40; *Rowland's Case,* 147 Ala. 149-151; *Miller's Case,* 150 Ala. 95; *Denman v. Payne,* 152 Ala. 342-344; *York's Case,* 154 Ala. 60; *Pollard v. A., F., L. & M. Co.,* 139 Ala. 183; *Jones v. White,* 112 Ala. 449, 450. On motion to dissolve injunctions the court has a discretion as to its dissolution and balances the conveniences in exercising that discretion.—*E. & W. R. Co. v. E., T. V. & G. R. Co.,* 75 Ala. 275; *C. & W. Ry. Co. v. Witherow,* 82 Ala. 190; *Davis v. Sowell & Co.,* 77 Ala. 262; *Chambers v. Ala. Iron Co.,* 67 Ala. 353; *Weems v. Weems,* 73 Ala. 462; *Turner v. Stephens,* 106 Ala. 546, 548. On motions to dissolve injunctions for want of equity in the bill all amendable defects shall be regarded *pro hac vice* as cured by amendment.—*E. & W. R. Co. v. E. T. V. & G. R. Co.; Ex parte Campbell,* 130 Ala. 196, 201. Upon a bill filed to prevent the threatened breach of contract same may be enjoined where the injury or damages cannot be adequately compensated by an action at law. —*Fullington v. Kyle Lumber Co.,* 139 Ala. 242; *Clay v. Powell,* 85 Ala. 538. "It is not an unbending rule that an injunction should be dissolved even when the equity of the bill is denied. The court may, notwithstanding such denial, retain it when it finds in the facts disclosed a good reason for doing so."—*Miller v. Bates,* 35 Ala. 580; *Rembert & Hale v. Brown,* 17 Ala. 667; *Planters, etc. v. Laucheimer,* 102 Ala. 454; *Scholze v. Steiner,* 100 Ala. 148; *Barnard v. Davis,* 54 Ala. 565; *Henry v. Watson,* 109 Ala. 235; *Jackson v. Jackson,* 91 Ala. 292; *Satterfield v. John,* 53 Ala. 127; *Bibb v. Shackelford,* 38 Ala. 611; *Harrison v. Yerby,* 87 Ala. 185; *Niehaus v. Cook,* 134 Ala. 228, 229.

McCLELLAN, J.—The demurrer, taking the objection that the bill is without equity, was properly over-

ruled. The broad equitable foundation of the bill is specific performance of a contract to convey land. If it be assumed that the agreement for the averred sale and purchase was not reduced to writing, since it is not expressly alleged that it was reduced to writing, the exception provided in the fifth subdivision of the statute of frauds (Code 1907, § 4289; Code 1896, § 2152) is averred to have been complied with by the payment of the purchase money, and by putting the complainant (purchaser) into possession. If other subordinate phases of the relief sought by the bill are (we assume, without affirming) vain, that fact cannot neutralize the broader equity asserted in the bill.

The other question presented for review is that the chancellor erred in overruling the joint and several motion of respondents to dissolve the temporary injunction, issued in accordance with the prayer of the bill.— Code, § 2839; sections 4526, 4535.

Code, § 4535, provides: "Upon the hearing of motion to dissolve an injunction, the court may consider the sworn bill and answer, whether the answer contains denials of the allegations of the bill or independent defensive matter, and also such affidavits as any party may introduce." Previous to this statute on motion to dissolve injunction affidavits were receivable, in certain exceptional cases, in refutation of the denials of an unequivocal, full, specific, sworn answer.—*Barnard v. Davis*, 54 Ala. 565; *Harrison v. Maury,* 140 Ala. 523, 37 South. 361, among others. One of these exceptions was where waste was a probability if restraint of the adversary was not enforced. The cited statute entirely changes this rule by rendering serviceable upon the issue of dissolution vel non in all cases evidence consisting of the bill, the answer, whether it carries denials of the bill's averments of fact or not, and "affidavit" in-

troduced by any party. The feature of the earlier rule in respect of the largely conclusive character of the sufficient denials of the sworn answer cannot consist with the practice established by the statute quoted. It is hence abrogated; and with the overthrow of the rule of practice in that particular must, of course, go any influence otherwise to have been accorded decisions illustrating the now abrogated rule of practice. The full consequence of the change, as wrought by the statute, is not now attempted to be described.

It will suffice to say at this time that conclusions for or against dissolution of injunctions will and must under the statute be treated here on review as any other finding of fact at equity upon a defined issue. This interpretation of the quoted statute accords with that provided in the feature of the system where the hearing is to determine the issuance vel non of an injunction.— Code, §§ 4528, 4529.

In the cause at bar, the complainant and his son were orally examined before the chancellor in opposition to the dissolution sought; and their testimony was reduced to writing and appears in the transcript. This was irregular, since the statute (Code, § 4535) stipulates that affidavits may be submitted by the parties. Strictly speaking, such examinations of the complainant and his son, as this transcript describes, though reduced to writing, as shown, did not constitute these statements affidavits.—*Watts v. Womack,* 44 Ala. 605; *Wright v. Smith,* 66 Ala. 545; *Savage x. Atkins,* 124 Ala. 378, 27 South. 514. However, it does not appear from the transcript that any objection was made to this manner (oral examination) of availing of the evidence of complainant and of his son. Indeed, it affirmatively appears that these two persons were cross-examined.

In brief, the solicitor for appellants asserts that objection was made to this oral examination, but this as-

[Nelson, et al. v. Hammonds.]

sertion cannot, of course, avail to supplement, if not refute, the record. Without waiver by the party opposed, oral examination should not be substituted for the affidavits contemplated by Code, § 4535.

In this state of the record we feel bound to review the propriety of the chancellor's conclusion as that may be affected by the consideration of the several affidavits, offered by the movants for dissolution, and by the testimony, taken ore tenus, of complainant and of his son, as well as by the bill and sworn answers.

To this status of the evidence before the chancellor, solicitor for appellee invokes the application of the rule, reannounced in *Denman v. Payne*, 152 Ala. 342, 44 South. 635, among others cited in brief, that the finding will be treated as would be the finding of a jury upon evidence delivered ore tenus and that the conclusion of fact will not be disturbed unless the testimony so illy supports it as that a verdict might under similar circumstances, be annulled. We see no escape from the application of the rule indicated to the conclusion here brought up for review. Nor does its application impinge upon the rule of the statute, viz., that the chancellor's findings upon fact shall have no influence upon the review thereof. The absence here of the same bases of conclusion distinguishes the operation of each rule.

Whether the facts alleged in the bill, upon which its equity must depend, were true was the subject of sharp conflict between the affidavits and the sworn answers, on the one hand, and, on the other, the testimony of complainant and his son. A conclusion for or against the dissolution sought was invited by one or the other phase of the evidence. We are hence not assured by any means that the chancellor's finding was erroneous.

Affirmed.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.