# Metcalf *v.* First State Bank.

*Petition Questioning Receiver's Fees.*

(Decided April 24, 1913.  61 South. 900.)

*Appeal and Error; Findings; Conclusiveness.*—The findings of a register on reference have the force and effect of a verdict of a jury, and will not be disturbed by the chancellor or appellate court unless plainly and palpably erroneous.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Petition by R. C. Brickell, as Attorney General, against the First State Bank of Bridgeport, J. W. Gay, receiver. From a decree allowing a certain sum for the receiver's services, W. W. Metcalf, an intervening creditor, appeals. Affirmed.

R. C. Brickell, as Attorney General, filed a bill at the request of the State Treasurer and Governor, setting up the insolvency of the First State Bank of Bridgeport, and asked that a receiver be appointed, which prayer was granted, and J. W. Gay appointed receiver. On a settlement with the receiver for his services, the matter was referred to the register to ascertain and report the amount reasonably sufficient to pay him for his services, who found and stated the amount to be $1,000, $140 expense account, and $400 attorney's fees. W. W. Metcalf, a depositor in the defunct bank, and a creditor of the estate, filed objections to the report as to the $1,000. The chancellor reduced it to $750, but allowed that amount as compensation, and the creditor appeals.

LAWRENCE E. BROWN, for appellant. The estate ought not to be subjected to a double burden.—*Salisbury v. C. I. & R. R. Co.,* 110 Ala. 594. Compensation should be determined in the light of the particular facts and circumstances in the case in hand.—34 Cyc. 470; *Etowah M. Co. v. Wills V. M. Co.,* 106 Ala. 500. Receivers should be compensated on the same basis as guardians, receivers, etc.—*McGhee v. Cowperwaite,* 10 Ala. 966; *Gold v. Hayes,* 25 Ala. 432; 31 Ia. 428; 108 La. 74; 53 South. 716.

VIRGIL BOULDIN, for appellee. The register, after the examination of witnesses, determined the amount of compensation, the chancellor reduced the amount, and this court will not interfere.—*McKenzie v. Mathews,* 153 Ala. 537.

[Combs v. Greene, et al.]

ANDERSON, J.—The register saw and heard the witnesses upon the reference for the purpose of ascertaining the amount of compensation that should be awarded the receiver, Gray, and found that said Gray was entitled to $1,000. The finding of the register was like unto the verdict of a jury, and should not be disturbed by the chancellor, or this court, unless plainly and palpably excessive.—*McKenzie v. Matthews,* 153 Ala. 437, 44 South. 958; *Denman v. Payne,* 152 Ala. 342, 44 South. 635. The chancellor reduced the award of the register to $750, but which action we cannot review, as there was no cross-appeal.

It is sufficient to say, however, that the amount allowed by the chancellor was less than the award of the register, and we are not prepared to say that the finding of the register was palpably erroneous. The decree of the chancery court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.