[O'Kelley v. Clark.]   .

# O'Kelley *v.* Clark.

*Bill to Dissolve Partnership and for an Accounting.*

(Decided November 11, 1913.   Rehearing denied December 18, 1913.
63 South. 948.)

1. *Equity; Affirmance Relief to Respondent; Necessity of Cross Bill.*—A respondent cannot be granted affirmative relief in equity except upon cross bill filed praying for same.

2. *Account; Accounting; Relief to Respondent; Cross Bill.*—A respondent in a bill for an accounting may have affirmative relief without filing a cross bill or counter claim, this being an exception to the general rule.

3. *Stipulations; Agreement as to Evidence.*—If rule 88, Chancery Practice, requires the testimony before a Register to be noted by him, and that nothing not so offered shall be considered it does not preclude the parties to the cause from making agreements as to what facts, documents or exhibits may or may not be considered by the Register.

4. *Appeal and Error; Reference; Presumption.*—Unless a Register's report affirmatively shows that he did not consider all the evidence, whether specifically noted or not, and does not negative the fact that other evidence including an agreement as to the facts was not considered, it will be presumed on appeal that he considered all the evidence.   · •

5. *Same; Finding; Conclusiveness.*—Where evidence is conflicting the finding of the Register has the same weight as the finding of a jury, and it will not be disturbed on appeal unless palpably erroneous, or unless it would warrant a judge in setting aside a verdict under similar circumstances.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by D. B. O'Kelley against Dan Clark, to dissolve a partnership and for an accounting. Decree for respondent, and complainant appeals. Affirmed.

The appellant and appellee were partners under the firm name of City Pharmacists, engaged in the retail drug business. The respondent filed an answer to the bill, admitting the partnership, and admitting a sale by him of the goods and business without the cooperation

of complainant, but alleging that such sale was justified
by the necessities of the case.  The complainant owned
an undivided one-third interest in the partnership, and
the respondent the remaining interest.  The answer was
not made a cross-bill, and did not seek any affirmance
relief against complainant.  Testimony was taken pri-
marily to the decree of reference, and certain objections
and exceptions were filed.  On August 8, 1910, the par-
ties filed a note of submission, and in response to this
submission, the chancellor on March 3, 1911, ordered a
reference to the register.  This order was executed on
December 1, 1911, by the register taking the testimony
of respondent, Clark, with the recital that complainant
did not appear.  On December 4th the register reported
on this reference, and on December 11, 1911, respondent
filed a note of submission.  On February 15, 1912, the
parties to the cause agreed in writing that the report of
December 4, 1911, and the reference held be set aside,
and it was further agreed that the register should, on
that date, proceed to hold a reference in accordance with
said named decree, and that on the reference so held, all
the testimony heretofore taken in the cause by each par-
ty, including the testimony of respondent on the refer-
ence heretofore held by the register, and already re-
ferred to, may be used and considered by the register in
making his report.  It was further agreed that on the
coming in of the report each party should have a reason-
able time in which to file exceptions and objections.  Ref-
erence was held on the 15th of February, and in the re-
port it is shown that in accordance with the above fore-
going agreement of counsel filed in the cause this day,
the register proceeded and held the reference.  The com-
plainant filed exceptions to the report, one of the excep-
tions being:  "Said report is not supported by the testi-
mony in this case, which was before the register on ref-

erence, and the conclusion of the register in his report is inconsistent with the testimony in the case and the testimony that was before the register on the reference."

W. H. CHAPMAN, and W. O. MULKEY, for appellant. The court had no jurisdiction or authority to grant Clark affirmative relief without cross bill.—*Watts v. Euf. Nat. Bank,* 76 Ala. 474; *Weaver v. Brown,* 87 Ala. 533; *Ross's Case,* 101 Ala. 364. Rule 88 is mandatory.—*Tatum v. Yohn,* 130 Ala. 575; *Rice v. Tobias,* 83 Ala. 348. The report of the Register demonstrates on its face that it was clearly erroneous and exceptions to it were unnecessary. —*Clark v. Knox,* 70 Ala. 607; *Bellinger v. Lehman,* 103 Ala. 385. One partner may sell the entire partnership property.—59 Ala. 338. After the sale had been consummated, the other party not concurring, cannot set it aside unless he has some independent equity.—*Ellis v. Allen,* 80 Ala. 515; *Ullman v. Myrick,* 93 Ala. 536; *Northan v. Tatum,* 51 South. 17. If the property is sold for less than its value, the injured partner may recover such damages as he may have sustained.—*Garrett v. Robinson,* 80 Ala. 192.

C. D. CARMICHAEL, for appellee. Respondent is entitled to reimbursement for what the firm owes him.—30 Cyc. 441. Each partner has the right to have the property applied to the payment of the debt.—30 Cyc. 499; 93 Ala. 532; 59 Ala. 338. A partner may apply partnership property to particular debts.—30 Cyc. 543. The stipulation as to what should be considered before the Register on the reference made by counsel, supersedes the provision of rule 88, if it can be said that the rule requires anything to be noted by the Register on reference. The relief was properly involved in the statement of the partnership account, and was properly granted

without cross bill, as this is an exception to the general rule.—1 Cyc. 438-441; 30 Cyc. 733-739; 28 R. I. 99, and authorities cited.—*Ross v. E. M. Co.*, 101 Ala. 368; *Branch Bank v. Strother*, 15 Ala. 51; *Alston v. Alston*, 34 Ala. 15; *Masterton v. Masterton*, 32 Ala. 437.

ANDERSON, J.—It is a well-settled rule in equity practice that a defendant will be granted affirmative relief only on cross-bill.—5 Encyc. of Pl. & Pr. p. 634. There are, however, several exceptions to this rule, and it has been generally held that a defendant in a suit in equity for an accounting may have affirmative relief without filing a cross-bill or counterclaim therein. This exception is as well settled and uniformly applied as the rule itself.—*Downes v. Woarch*, 28 R. I. 99, 65 Atl. 603, 13 Ann. Cas. 647; see note wherein the cases are collected. This exception to the rule, as to no necessity for a cross-bill, in cases for a settlement and accounting, in order for the respondent to get a decree against the complainant, is fully recognized and approved by our own court in the case of *Masterson v. Masterson*, 32 Ala. 437.

It may be true that rule 88, p. 1555, of the Code of 1907, requires that testimony before the register must be noted by him, and that nothing not so offered shall be considered, but this rule does not preclude the parties to the cause from making agreements as to what facts, documents, or exhibits may or may not be considered by the register. It appears that before the report was made the parties entered into an agreement to the effect that, upon the reference, all the testimony heretofore taken in the cause by each party, including the testimony of the respondent on the reference heretofore held by the register and already referred to, may be used and considered by the register in making his report.

[O'Kelley v. Clark.]

We will therefore assume that the register considered all the evidence, whether specifically noted or not, unless his report affirmatively shows that he did not. While the report recites that he examined the complainant orally, and the books as introduced by him, it also recites that the reference was held under the agreement, and that both parties and their attorneys were present, and it does not negative the fact that other evidence covered by the agreement was not considered by him.

Where evidence is conflicting, the finding of the register has the same weight as the finding of the jury, and this court will not disturb it unless palpably erroneous. —*McKenzie v. Matthews,* 153 Ala. 437, 44 South. 958. The finding by the register will be treated as the verdict of a jury, and not disturbed unless it would warrant a judge in setting aside the verdict under similar circumstances.—*Denman v. Payne,* 152 Ala. 342, 44 South. 635.

We are not prepared to say that the register's report was not warranted by the evidence, or that it was palpably contrary to the weight of the evidence.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.