(79 South. 565)

DALLAS COMPRESS CO. et al. v. SMITH.
(2 Div. 659.)

(Supreme Court of Alabama. May 16, 1918. Rehearing Denied June 20, 1918.)

1. MORTGAGES ⏝314 — CANCELLATION — RIGHTS OF PARTIES.

Where a wife as grantee of a life estate subject to support of a child with remainder to the child, conveyed to mortgagee, she could nevertheless cancel and satisfy the mortgage of rec-

ord if the debt secured thereby had in fact been paid.

**2. MORTGAGES ⊚⟶137—CHARACTER OF TITLE.**

While a valid and properly executed mortgage passes legal title to the lands, the title is not absolute, but is subject to be defeated by the performance of the conditions stated.

**3. LIFE ESTATES ⊚⟶23—CONVEYANCE—CHARACTER OF TITLE CONVEYED.**

Where the wife, as grantee of a life estate subject to support of a child, with remainder to child, conveyed to a third person by warranty deed purporting to convey the fee simple, her deed conveyed only her life estate, and not the fee simple.

**4. QUIETING TITLE ⊚⟶7(2)—WHO MAY MAINTAIN SUIT.**

Where a wife, as grantee of a trust deed for support of, child, conveyed to a third person, by deed purporting to convey the fee simple, having held a life estate, a bill to quiet title against claimants under the third person was proper.

**5. QUIETING TITLE ⊚⟶44(2)—EVIDENCE—ADMISSIBILITY—REPORTED CASES.**

In suit to quiet title the report of a prior case, shown to be relevant, as disclosing that part at least of the consideration of the same mortgage involved in the instant suit was paid or had failed, was admissible in evidence.

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

Suit by James Q. Smith against the Dallas Compress Company and others. Decree for complainant, and respondents appeal. Affirmed.

Keith & Wilkinson and Pitts & Leva, all of Selma, for appellants. Smith & Wilkinson, of Birmingham, for appellee.

This cause was submitted and considered under rule 46,[1] and the opinion of the court was delivered by Mr. Justice MAYFIELD.

This is the third appeal in this case. See 190 Ala. 423, 67 South. 289, and 195 Ala. 534, 70 South. 662. It would serve no good purpose to again go over the various questions heretofore decided on the appeals to this court. The cause was heard on bill and proof. The relief prayed was granted, and respondents appeal.

It is now insisted that the trial court erred in allowing proof of the satisfaction of a mortgage executed by J. Q. Smith to one Ikelheimer, which mortgage was transferred and assigned by the mortgagee to Mrs. Smith, the wife of the mortgagor and mother of appellee, who, it is shown, canceled, or had canceled, the mortgage on the records of the probate court of Dallas county, the entry of cancellation reciting that the mortgage had been paid in full.

[1] The mere fact that Mrs. Smith had held a life estate in the land mortgaged and had conveyed the same to Ikelheimer by warranty deed did not prevent her from canceling and satisfying the mortgage of record, if the debt secured thereby had in fact been paid. It was no doubt the intention of all parties, when the life tenant conveyed to Ikelheimer and he transferred the mortgage to her, that the mortgage should be satisfied and canceled. If such was not the case, it is difficult to see why Ikelheimer should have transferred and assigned the mortgage to her when he was still to claim title thereunder; or, if the title conveyed thereby was to be preserved for the benefit of Ikelheimer, why it was not reassigned and reconveyed to him. This cancellation and satisfaction of record of this mortgage extinguished and terminated all rights and titles which passed to the grantee, or were acquired, by virtue of it, and left the title of the mortgagor as if the mortgage had never existed.

[2-4] While a valid and properly executed mortgage does pass the legal title to the lands or chattels conveyed, the title is not absolute; it is subject to be defeated by the performance of the conditions stated; and, by virtue of our statutes, the payment of a mortgage debt, even after the law day, reinvests the title in the mortgagor or those claiming title through him. Welsh v. Phillips, 54 Ala. 309, 25 Am. Rep. 679; Holman v. Ketchum, 153 Ala. 360, 45 South. 206; Code, § 4899; Union, etc., Co. v. Pugh, 156 Ala. 369, 47 South. 48; Denman v. Payne, 152 Ala. 342, 44 South. 635. This being true, Ikelheimer acquired by his deed from Mrs. Smith only her life estate, and not the fee simple, as the deed purported to convey. Hence this bill was proper to have the title so declared.

[5] We see no error in the allowing of proof of the report of the case of Smith v. Gayle, 58 Ala. 600. It was shown to be relevant, in that it showed that a part at least of the consideration of the mortgage which was satisfied had been paid; or that it failed, in that the mortgage was given in part at least to secure Ikelheimer as surety on the appeal bond of Smith. The case reported shows that the judgment appealed from was reversed and the cause remanded, and hence that no loss was suffered on account of this suretyship.

We find no error, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

