165 So. 102

**GRIST v. CARSWELL.**

**4 Div. 859.**

Supreme Court of Alabama.
Dec. 19, 1935.

Rehearing Denied Jan. 23, 1936.

L. A. Farmer, of Dothan, for appellant.

J. T. Jackson, of Dothan, for appellee.

**BROWN, Justice.**

The appellant was nominated in the last will and testament of Lillie G. Walker as the executor of said will; the will was duly probated in the probate court of Houston county; and, in pursuance of the orders of the court, letters testamentary were issued to him on the 19th day of October, 1928, and he entered upon the administration of the trust. The will relieved him from giving bond, but did not relieve him from filing an inventory of the assets of the estate. The executor made no annual settlements.

In December, 1933, Saxton Walker, one of the legatees, filed a petition in the probate court, praying that appellant, as executor, be required to give bond, file an inventory, and make partial settlement.

The appellant thereupon filed his resignation, and with it his accounts and vouchers for final settlement. The said Saxton Walker thereupon filed a paper contesting each item of the accounts, and, by order of the court, J. T. Jackson was appointed as guardian ad litem to represent the interest of Eulalia Walker, a minor, who was named in said will as a legatee. The appointment was accepted, and the guardian ad litem filed a general denial of the correctness of the accounts filed by appellant.

The court on the hearing of the final settlement allowed the executor only a part of the credits claimed, refused to allow him commissions or credits for extra services, and charged him with the value of certain real estate sold under the power conferred by the will, disregarding the price at which the property was sold, and credited him with the mortgage debt on the property assumed by the purchaser.

From that decree he appeals. Neither Saxton Walker nor the guardian ad litem has appealed or cross-assigned errors, but the administrator de bonis non, with the will annexed, has cross-assigned errors.

We will consider, first, the assignments of error made by the appellant and argued.

The assets of the estate consisted of two pieces of real estate—one a house and lot known as the "Lena Street property," and the other as the "West Adams Street property," and certain articles of personal property made the subject of specific bequest, and not here involved.

The will, item 2, disposed of the West Adams street property as follows: "I will, devise and bequeath, and direct and empower my executor, hereinafter named, to sell as soon as practicable after my death, the house and lot belonging to me on West Adams Street, in the City of Dothan, Houston County, Alabama [here followed specific description]; and that out of the proceeds of sale of said West Adams Street property, he pay the items provided for in Item one of this will [all just debts due by the testatrix, funeral expenses, cost of probating the will, and a tombstone to mark the resting place of the testatrix], and that he invest the balance of the said proceeds of sale in another house and lot in Dothan, Alabama, for my son, J. W. Walker, but the said J. W. Walker shall only take a life estate in the said house and lot purchased with the proceeds of sale of said West Adams Street property; and at the death of my said son, J. W. Walker, I will, devise and bequeath the said house and lot purchased with the proceeds of sale of said West Adams Street property to my granddaughter, Eulalia Moore Walker, absolutely and in fee simple, if she is living, but if she is dead then I will, devise and bequeath said property to my son, Saxton Walker, during his lifetime, and at his (Saxton's) death to my nephew, William Grist, son of William J. Grist, absolutely and in fee simple. I hereby direct, authorize and empower my executor hereinafter named to make sale of said West Adams Street property at public or private sale and to execute deeds to the purchaser thereof and thereby convey to the said purchaser the said property as fully and completely as if said deed had been executed by me in my lifetime. The rents collected from said West Adams Street property after my death and before the sale thereof shall be paid over to my

said son, J. W. Walker, by my executor hereinafter named."

There appears to have been some delay in the exercise of the power of sale conferred on appellant by said item 2, and in March, 1929, appellant purchased from J. W. Walker his equity in the property, and then offered the same for sale through a real estate broker for $3,000; but, failing to find a purchaser at that price, offered the property for sale at public outcry on September 16, 1929, and one Singletary, a business associate of appellant, became the purchaser thereof at and for the sum of $1,500, and the assumption of a mortgage debt on the property of $1,000, and appellant as executor gave Singletary a deed thereto on September 20, 1929. On October 10, 1929, Singletary conveyed the property to appellant's wife by deed reciting a consideration of $1,500 and the assumption of said mortgage debt. These deeds, as the undisputed evidence shows, were not filed for record, but, on the hearing of the final settlement, appellant testified that the property belonged to him.

█ The first item disallowed by the court was a personal claim for indebtedness to the appellant for money allegedly advanced by him to the testatrix during her lifetime. Appellant did not present this claim within twelve months, as required by section 5814 of the Code, 1923. The court therefore did not err in disallowing said claim. McKenzie v. Matthews et al., 153 Ala. 437, 44 So. 958.

█ The evidence authorized the conclusion that appellant did not give notice of his appointment as executor as required by section 5811 of the Code 1923, and under the mandatory provisions of section 5813 that "any executor or administrator failing to make the same [that is publication of his appointment] must not be allowed any compensation as such" executor or administrator, the court did not err in refusing to allow the appellant commissions and compensation for his services as such executor.

█ The next item complained of was the refusal of the court to approve and allow all the alleged payments made to Saxton Walker. The executor claimed a credit for $193, and of this amount the court only allowed $107.10. The court allowed the exact amount shown by the vouchers filed with the account, and the only other evidence offered was the books kept by the executor, which appear to be an exact copy of the account, and the general statement of the executor that the account was correct.

The evidence does not show that the books were regular, kept in due course, and that the items were entered at the time of the transaction recorded. In these circumstances we cannot affirm that the court erred in allowing less than the amount claimed. Code 1923, § 5901; Gaunt & Wife v. Tucker's Executors, 18 Ala. 27.

The same is true as to the amount claimed to have been paid to the Dothan National Bank.

█ The executor, in the absence of a decree of a court of competent jurisdiction in the administration of the trust, was without authority to borrow money and charge the interest for its use against the estate. First Nat. Bank of Birmingham v. De Jernett, 229 Ala. 564, 159 So. 73; 23 C.J. p. 1169, § 386.

█ The credits claimed on account of interest alleged to have been paid on loans to the executor were, on the principles above stated, properly disallowed by the court.

█ The facts found by the probate court in respect to the sale of the West Adams street property and its purchase by the executor, through Singletary and Mrs. Grist, rendered the sale voidable at the option of the cestui que trust—the legatees under the will—and armed them with the right to go into a court of equity and have the sale set aside and the deed annulled. Bank of Wetumpka v. Walkley, 169 Ala. 648, 649, 53 So. 830; Cottingham v. Moore et al., 128 Ala. 209, 213, 30 So. 784; Charles v. Dubose, 29 Ala. 367; Calloway v. Gilmer, 36 Ala. 354; Randolph et al. v. Vails et al., 180 Ala. 82, 60 So. 159.

█ The will conferred on the appellant as executor specific power to sell the West Adams street property, at public or private sale, and to execute a deed to the purchaser therefor, without confirmation of the probate court. Therefore the sale was not void, and the probate court was without jurisdiction to set the sale aside or to disregard it in casting up and passing the accounts of the executor.

█ We are therefore of opinion that the court erred in charging the appellant with what the court ascertained as the value of the property less the mortgage debt. The limit of his liability in the cir-

cumstances, on this settlement, was the amount the property sold for with interest. The decree is corrected in this respect and the balance ascertained to be due from the executor by the decree of the probate court—$1,099.65—is reduced by the deduction of $500, leaving a balance of $599.65, which is to draw interest from the date of the decree of the probate court.

The administrator de bonis non who now makes a cross-assignment of errors, did not contest any item of the account nor reserve any exceptions to the allowance of any item thereof. The right to contest the account of an executor or administrator is conferred by statute on "any person interested"; and, to review the allowance of credits or the refusal of the court to charge items against the personal representative, exception must be reserved to the court's ruling. Code. 1923, § 5911; Robertson v. Black, 74 Ala. 322. The cross-assignment of errors cannot, therefore, be sustained.

The decree of the probate court is corrected, and as corrected will be affirmed. The appellant is taxed with one half of the costs of the appeal incurred in this court and in the probate court; the other half is taxed against the estate to be paid by the administrator de bonis non. Moody, Adm'r, v. Hemphill, 71 Ala. 169.

Corrected and affirmed.

THOMAS, BOULDIN, and KNIGHT, JJ., concur.