## LOCKETT *vs.* HOWZE.

1. Where the payee of a note, not payable in Bank, assigns it for value and binds himself "for the payment of the same until paid," the necessity of suit against the maker at the first court to which suit can be brought is thereby waived, and his liability is complete, whenever the endorsee shall have exhausted his legal remedy against the maker.

ERROR to the Circuit Court of Perry. Tried before the Hon. John D. Phelan.

A. B. MOORE, for the plaintiff in error.

GARROTT, for the defendant.

DARGAN, C. J.—The defendant demurred to the first count of the declaration, which demurrer was sustained, and this is one of the assignments of error. This count describes a note for two hundred and seven dollars and sixty-six cents, made by Woodson Daniel, payable to the defendant, dated the 11th of May 1842, and due on the first of January 1843. On the 10th of June 1842, the defendant endorsed this note to the plaintiff in the following language: "I assign the within note to T. H. Lockett for value received, and hold myself bound for the payment of the same until paid." It is also alleged that suit was commenced against the maker to the January Term of the County Court 1845, and judgment obtained against him, upon which execution had been issued and returned no property found. It

is then avered that the note has not been paid by the maker and that he is unable to pay it, and the count then concludes with the *super se assumpsit.*

It is not contended that this count is sufficient to charge an endorser, whose liability to pay was to become absolute by the performance of the usual conditions. But it is insisted that the defendant, by his endorsement, either assumed an absolute and unconditional liability, or if a suit against the maker and a return of no property was a condition precedent to the plaintiff's right of action against the defendant, still under this endorsement he may be charged, notwithstanding the suit against the maker was not commenced until two years after the maturity of the note. The contract of an endorser is conditional, and the holder must strictly comply with the conditions in order to render the endorser's liability absolute. But as these conditions are intended for the benefit of the endorser, he may waive them, either by his contract of endorsement or otherwise.—Story on Bills, § 215. It is true, that the conditions upon which the liability of an endorser of a note, not payable in Bank, is made to depend, differ in this State from the conditions attached to such a contract by the law merchant. Here the endorsee must sue the maker of the note to the first term of the court, to which he can be properly sued after the endorsement is made, and upon the rendition of judgment, he must issue execution and have it returned by the proper officer no property found; and if suit be not brought to the first court, the endorser is discharged from liability, unless it was delayed with his consent.—Clay's Dig. 383. But these conditions precedent to the liability of an endorser may as well be waived by him as the conditions of demand and notice required by the law merchant; and I think the defendant by his contract has waived them, and that he assumed an absolute and unconditional obligation to pay the money, unless it was paid by the maker. This was the only contingency to his (the defendant's,) absolute liability. We must always ascertain the liability of a party by the extent and nature of his contract. The obligation assumed by the defendant was, that he was bound for the payment of the note until it was paid. Unless therefore, the note was paid, the defendant was bound to its payment, for this was the extent of his obligation, and that being his obligation, it is only necessary to aver that the note was not paid

by the maker; this averment shows the defendant's liability. In the case of Allen v. Rightmere, 20 Johhs. 364, the defendant endorsed a note in the following words: "For value received, I assign, sell, and guarantee the within note to John Allen or bearer." The court said that it was the duty of the maker to pay the note at maturity, and if he failed to do it, the endorser was absolutely and unconditionally bound. So in the case before us, the endorser is bound until the note is paid, and if the maker fail to pay, he, the endorser, must.

We think the court erred in sustaining the demurrer to the first count in the declaration, and it is not, therefore, necessary to examine any other question, for the view here taken shows that the defendant is liable for the payment of the note.

CHILTON, J.—It is clear in this case that by the endorsement, the holder or endorsee was relieved of the necessity of sueing the maker to the first court, but I am not prepared to say that he may maintain his action without taking any steps to recover the amount of the maker. This point is not necessarily involved in the case before us, as there has been a suit and a return of no property against the maker, and I prefer resting my concurrence in the result attained by the Chief Justice upon the whole case, without expressing any opinion as to whether this action could be maintained in the absence of any proceedings by the endorsee against the maker.

PARSONS, J.—I concur in the result, but agree with my brother CHILTON in the propriety of limiting the opinion, so as to rest it upon the whole case made by the record.