## LODOR vs. GAYLE.

[ACTION ON PROMISSORY NOTE BY ENDORSEE AGAINST ENDORSER.]

1. *Waiver of suit against maker to first court.*—If the endorser waive suit against the maker to the first court, under the apprehension that the time intervening between the endorsement and the commencement of the court was not sufficient to get service of process, the endorsee is not bound to bring suit to the next succeeding term, but only to prosecute the maker to insolvency at some time after the expiration of the period of the stipulated delay. Clay's Digest, 383, §§ 12–15.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. ANDREW B. MOORE.

THIS action was commenced in March, 1856, and was founded on the defendant's endorsement of a promissory note for $250, dated July, 1850, executed by Lewis Bowdon, payable on or before the first day of January then next to Gayle & Gayle, and endorsed by the payees and the defendant; the former endorsement being in blank, and the latter dated April 23, 1852. The bill of exceptions is in the following words: "The facts of the case are these: On the 23d April, 1852, Lodor endorsed the note on which the suit is brought to the plaintiff, as shown by the endorsement on the note; and, at the time of making the endorsement, agreed to waive the necessity of Gayle's bringing suit against the maker to the first court. The maker of the note lived in Shelby county; and it was thought, both by Lodor and Gayle's agent, that there was not sufficient time to bring suit and get service to the first term of the court, which was the reason of the waiver; but it was expressly stated by Lodor, that he waived the bringing of suit to the first court *only*, for the reason above given. Suit was not brought against Bowdon on the note until 1854, two years after Lodor's endorsement; and execution against Bowdon was returned 'no property.' Whereupon, the court charged the jury, that the plaintiff was entitled to recover; to which charge the defendant excepted." The charge of the court is now assigned as error.

C. C. PEGUES and J. D. F. WILLIAMS, for appellant.
THOMAS WILLIAMS, *contra*.

WALKER, J.—If the endorser waive suit upon the endorsed note to the first court, although the waiver may be by parol agreement, the statutory obligation on the endorsee is not revived, after the first court.  In order to make the endorser *prima facie* liable on his endorsement, it is only necessary to prosecute to insolvency at some time after the expiration of the period of the stipulated delay.  The law is thus laid down, on the authority of the cases of Bates v. Ryland, 6 Ala. 674, and Litchfield v. Allen & Falconer, 7 Ala. 779, and is conclusive of this case in favor of the appellee.

The fact that the endorser was induced to waive suit to the first court, because it was apprehended there was not time after the endorsement to bring suit to the next succeeding court in the county of the maker's residence, does not authorize us to presume a contract between the parties to make the endorser's liability dependent upon the fact that suit was brought to the second court after the endorsement.

The endorsement in this case was made, and two terms of the circuit court of the county of the maker's residence had passed, before the Code became the law; and consequently, the effect of the contract of endorsement must be governed by the pre-existing statutes.  Those statutes have been construed by this court in the cases cited, and we have followed the construction adopted in those cases.  The law is somewhat changed by the Code; and we do not intend to be understood as deciding that the law as above laid down would govern a case to which the Code applied.—Clay's Digest, 383, §§ 12–15; Code, §§§ 1543, 1544, 1545.

The judgment of the court below is affirmed.