# Thomason *v.* Cooper.

### *Bill in Equity to Enforce Vendor's Lien.*

1. *Indorsement of non-commercial paper by payee; effect of; waiver of suit; when indorser discharged.*—An indorsement, by the payee, of paper not commercial, as follows, "*I indorse the within until paid,*" is a waiver of suit against the maker for an indefinite period, but does not dispense with the suit against the maker, and render him primarily liable; and the indorser is discharged, if suit is not brought against the maker before the statute of limitations bars an action on the note.

2. *Bill to enforce vendor's lien; what necessary to uphold; when without equity.*—To uphold a bill to enforce the vendor's lien, there must be a debt due to the complainant contracted in the purchase of land, still unpaid, and which the purchaser, either at the time or some prior date, was liable to pay as primary debtor, without condition; and although it is not necessary he should be liable to suit and recovery at law, when the bill is filed, still there must be a time when he was. Hence, where the vendor conveys lands, receives, *in payment* of the purchase-money, notes of a third person, indorsed by the purchaser as above, and never takes steps to render the vendee's liability absolute, by suit against the maker of the notes, and delays suit till the action is barred, the vendee is not, and cannot be made, liable absolutely, for the debt, and the bill is without equity.

APPEAL from the Chancery Court of Chambers.
Heard before the Hon. N. S. GRAHAM.
The case may be understood from the opinion.

CICERO D. HUDSON, for appellant.—1. The vendor's lien is the creature of the court of equity. It does not exist by contract, and imposes no personal obligation. It follows the purchase-money and attaches to the land. No better or higher derivation need be searched for, than the dictates of justice, that land shall not pass from its owner to another without a consideration paid. Indestructible and immovable, it shall abide with him who has the best right to it, *in foro conscientiæ.*—*Roper v. Day*, 48 Ala. 510.

[Thomason v. Cooper.]

2.  The lien exists wherever a sale of land takes place without payment of the purchase-money ; and the burden of proof is on the purchaser to establish that, in the particular case, it has been intentionally displaced or waived by the parties.    If, under all the circumstances, it remains in doubt, then the lien attaches.—2 Story's Eq. Juris. § 1224.

3.  Cooper sets up a waiver, and swears to it.    Thomason, on oath, denies the waiver.

4.  The endorsement of Cooper on the note, made the endorsed note Cooper's note for the land.

W. H. BARNES, *contra.*—1.  The complainant accepted and received the notes, not as securities or collaterals, but as an absolute payment for the lands (and it so appears from the bill) ; the established law of this State is, that the debt is discharged and no action can be maintained.—*Marshall v. Marshall's Executor*, 42 Ala. 149 ; *Myatt & Moore v. Bell*, 41 Ala. 222; *Dennis v. Williams*, 40 Ala. 633; *Mooring v. Ins. Co.* 27 Ala. 254; *Carrier v. Tichnor*, 26 Ala. 571 ; *Foster v. Atheneum*, 3 Ala. 302; *Abercrombie v. Moseley*, 9 Port. (Ala.) 145 ; see, also, *Tulford & Johnson v. Hendon & Co.* 15 Ala. 385.    According to these authorities, the bill is without equity, and should be dismissed.

2.  The land trade was made November 27, 1861, and on that day the notes were passed and indorsed as part payment of the purchase-money.    At that time both notes were past due.    Ordinarily, to bind an indorser of paper, not commercial, suit must be commenced against him at the first term of the court to which it can be brought after the indorsement, and if judgment obtained, execution issued and returned " no property found."—Revised Code, § 1851.    But this is a privilege for the indorser, which can be waived by him, and if the character or language of the indorsement shows that this has been waived, then he will be bound only to the extent indicated by his indorsement.    So that, in the Thomas and Epps note, the indorsement being limited to the first day of March, 1863, it is clear, that, unless the indorser shows that he commenced suit against the makers to the first term after the first of March, 1863, he cannot bind the indorser.—Revised Code, § 1851 ; *Lockett v. Howze*, 18 Alabama, 613.

3.  Conceding that the indorsement upon the Phillips note was a waiver by the indorser, of the obligation of the indorsee to sue, as required by statute, and admitting a liability of the indorser until the payment of the note, yet he

(37)

cannot be forced to discharge that liability in this action, for two reasons : *First*, this is a bill to enforce a vendor's lien for the purchase-money of lands. But the pleadings and proof show that the debts have been paid and the lien waived, and hence, as to this action, no remedy can be applied ; *second*, if it is contended that the indorser is bound in law by his indorsement until the payment of the note, then the note is barred by the statute of limitations, and the vendor's lien being waived, this would be a complete defense to the note in law and equity. So that it appears that the indorsement of the Phillips note fixed a mere legal liability upon the respondent, of which he had been relieved by the laches of the complainant.

4. But we contend that the case made by the pleadings and proof, shows that the vendor's lien has been waived. Now, there is no principle of law clearer, and of more universal application, in all actions before legal tribunals than that which places the *onus probandi* upon the plaintiff. In this case the burden is upon the complainant to show that the notes which are the subject of his suit are a lien upon the lands in controversy for unpaid purchase-money. This he fails to do. Not only so, but the testimony of the respondent is clear, distinct and positive, that at the time the trade was entered into, there was an express agreement, and it was a part of the contract that the lien should be, and was waived. If the lien was waived, and the burden of showing the contrary is upon complainant, then the bill should be dismissed.

STONE, J.—The present bill was filed by John W. Thomason, appellant, against John W. Cooper, appellee, to enforce an alleged vendor's lien. It is among the uncontroverted facts in this case that when Thomason sold to Cooper the lands he now seeks to condemn, he executed to him a warranty deed of conveyance, and put him in possession ; that in part *payment* of the purchase-money, Cooper transferred to Thomason two notes, payable to Cooper, and past due—one on one Phillips, and the other on one Thomas and Epps. The Phillips note he indorsed as follows : " I indorse the within until paid." The Thomas and Epps note he indorsed : " I indorse the within until the first day of March, 1863." Both the pleadings and proof show that these notes were delivered by Cooper, and received by Thomason in payment. This land trade was made November 27, 1861. No suit was ever brought by Thomason on either of said notes

against the maker. The bill in this case was filed April 16, 1874, and seeks to condemn the lands in Cooper's hands for the payment of said notes and indorsements.

The construction of the indorsement of the Cooper note most favorable to Thomason, is, that it is an assignment, waiving suit to the first term of the court; and of the Thomas and Epps note, that it is a like waiver of suit until after March 1, 1863. Neither of the notes is commercial paper. The liability of Cooper, the indorser, was not and is not primary. It was a promise to pay, if the makers did not; not before, or otherwise. Hence, it could not be declared on as an original, absolute promise. To charge the indorser of such paper, suit must be brought against the maker, and a return of execution "no property found." Code of Alabama, § 2112. But such suit, to the first term, may be waived or extended by the indorser, in writing signed by him.—Code of Alabama, § 2114. In this case, suit against Phillips was waived, and suit against Thomas and Epps was extended. The result was not to render Cooper's liability absolute, without suit.—*Bates v. Ryland,* 6 Ala. 668; *Woodward v. Harbin,* 1 Ala. 104. It only gave to Thomason a longer time within which to sue. A waiver of suit to the first term, does not require the holder to sue to the next. He can sue the maker to insolvency "at some time after the expiration of the period stipulated for delay."—*Lodor v. Gayle,* 29 Ala. 412.

But when there is a waiver of suit to the first term, or, as in this case, an agreement for indefinite waiver (such is the effect of the indorsement of the Phillips note), is there no limit to the indulgence the holder may grant to the maker? Let it be borne in mind that the liability of the indorser is not absolute, and only becomes so when the maker is sued to insolvency. Six years bars a suit on a promissory note, if pleaded; and under such issue the original *bona fides* of the debt is an immaterial inquiry. A suit after that time can not test the solvency of the maker, except at his uncontrollable pleasure and option. The statute of limitations had perfected a bar against each of these notes before the present bill was filed. The liability of Cooper on the notes had never been made absolute, and at that time, never could be, without the indulgence and aid of the makers of the notes. We think the indorsee has waited too long in this case, even if the present suit was a direct proceeding to fix the liability of the indorser, by suit against the makers. But the case against complainant is even stronger than this.

[Reeves v. Linam.]

To maintain a bill to enforce vendor's lien, there must be a debt due to the complainant, contracted in the purchase of the land, still unpaid, and which the purchaser, either at the time, or at some prior date, was liable to pay as a primary debtor, without condition.—See *Driver v. Hudspeth,* 16 Ala. 348; *Relfe v. Relfe,* 34 Ala. 500. Not necessary in all cases that he should be liable to a suit and recovery at law, when the bill is filed. But there must have been a time when he was. Cooper never was liable to a suit and recovery at law on these notes; and after the long delay, we have adverted to above, he never can be. The consequence is that this bill, in this feature of it, is entirely without equity.

It is averred in the bill that in negotiating the purchase, Cooper defrauded Thomason by representing that these notes were good, when they were not. This is denied in the answer, and there is not a particle of evidence in support of it.

In what we have said we neither affirm nor deny that the complainant would be entitled to relief in this case, if it was shown that Cooper's liability had been made absolute, by suit, judgment and 'proper return of execution against the makers of the notes. The wants of this case do not require us to decide that question.—See *Grigsby v. Hair,* 25 Ala. 327; *Prince v. Bates,* 19 Ala. 105; *Coster v. Bank of Georgia,* 24 Ala. 37; *Martin v. Lundie,* 6 Ala. 427; *Bunkley v. Lynch,* 47 Ala. 210; *Camire v. Tichnor,* 26 Ala. 571; *Dennis v. Williams,* 40 Ala. 633.

Decree of the chancellor affirmed.