# Ross v. New England Mortgage Security Co.

*Bill in Equity to enjoin Sale under a Mortgage, and to have Mortgage declared Void and Cancelled.*

1. *Penal statutes; act regulating the doing of business by foreign corporations in this State.*—The act approved February 28, 1887, ''to give force and effect to section 4, Article XIV of the constitution,'' which regulates the manner of conducting business in this State by foreign corporations, which prescribes the penalties for the violation of the fundamental law in reference thereto, and which provides means for the enforcing and collecting such penalties, is a penal statute under the law (Code, § 3705), and did not go into effect until thirty days after the adjournment of the General Assembly at which it was passed; the act itself not specifically providing for an earlier date for it to take effect.

2. *Mortgage to foreign corporations; when not controlled by act approved February 28, 1887.*—The act approved February 28, 1887, ''to give force and effect to section 4, Article XIV of the constitution,'' is a penal law, and a mortgage executed by a resident of this State to a foreign corporation on March 1, 1887, being executed within thirty days after the adjournment of the General Assembly, at which said act was passed, is not governed by its provisions, and not being violative of any other statute, is a valid and binding contract between the parties.

3. *Bill to cancel mortgage; offer to do equity.*—Before a court of equity will grant relief on a bill filed to have a mortgage declared

[Ross v. New England Mortgage Security Co.]

void and cancelled as violative of constitutional and statutory provisions, the complainant must offer to do equity by refunding the money he has received under the mortgage; but an offer in such a bill, that if the debt past due is "held valid in any event, complainant hereby offers and is able and willing and ready to pay the same," is not such an offer to do equity as the law requires.

4. *Same; requisites for foreclosure.*—Where a bill is filed by the mortgagor to have his mortgage declared void and cancelled, there can be no decree of foreclosure of said mortgage (in the absence of a cross-bill by the mortgagee, praying a foreclosure), unless the complainant in his bill offers to do equity, and submits himself to the authority and jurisdiction of the court; but an averment in the bill that, if "the court should ascertain that said mortgage is void, and should order a reference to the register to ascertain and report the amount due from the complainant to the respondent, he is ready and willing to pay the same," is neither such an offer to do equity, nor such a submission of the complainant to the authority and jurisdiction of the court as would justify a decree of foreclosure.

5. *Same; when decree of foreclosure erroneous.*—When, on a bill filed to have a mortgage executed on March 1, 1887, to a foreign corporation declared void and cancelled, as violative of section 4, Article XIV of the constitution and the act approved February 28, 1887, to give force and effect to this constitutional provision, there is no sufficient offer by complainant to do equity, or to submit himself to the authority and jurisdiction of the court, and the proof shows that the defendant has complied with the requirements of the said constitutional and statutory provisions, at the time of making the loan and taking the mortgage to secure it, a decree of foreclosure should not be rendered, but the bill, being without equity, should be dismissed.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on May 2, 1891, by the appellant, C. E. Ross, against the New England Mortgage Security Co.; and prayed to have a threatened sale of the lands conveyed in a mortgage enjoined, and that the mortgage be declared void as violative of section 4, Article XIV of the constitution and the act approved February 28, 1887, to give force and effect to this constitutional provision.

The averments of the bill and its exhibits are sufficiently stated in the opinion. The respondent demurred to the bill on the following grounds: 1st. It contains no equity. 2d. The bill fails to allege that the respondent did not have a known place of business in said State, and an authorized agent therein at the time said mortgage was executed. 3d and 4th. Because the act ap-

proved February 28, 1887, " to give force and effect to section 4, Article XIV of the constitution," is a penal statute, and was not in force at the date of the execution of said mortgage. 5th. Because the complainant does not offer in his bill to do equity, by offering to pay back to the respondent the money he had received from it under said mortgage. Upon the submission of the cause upon the demurrer, the chancellor overruled the 1st and 2d grounds of demurrer, and sustained the 3d, 4th and 5th grounds. The bill was subsequently amended, as shown by the opinion; and on the final submission of the cause, the chancellor, by a reference to the register, ascertained the debt due upon the mortgage, and decreed a foreclosure of said mortgage.

This appeal is prosecuted by the complainant, who assigns as error the interlocutory decree of the chancellor sustaining the several grounds of the respondent's demurrer, and the final decree foreclosing the mortgage.

M. N. CARLISLE, for the appellant.—The vital question in the present cause is whether the act approved February 28, 1887, was a penal statute. It is not a penal statute, and therefore the mortgage executed on March 1, 1887, was void as violative thereof.—*Taylor v. United States*, 3 How. 197; *Frohock v. Pattee*, 38 Me. 103; *Hathaway v. Johnson*, 5 N. Y. 93; *Short v. Hubbard*, 2 Bing. 355; 3 Met. (Mass.) 522; 13 Johnson, (N. Y.) 497; Endlich on Statutes, 322–3.

CALDWELL BRADSHAW and JAMES E. WEBB, *contra*.— The act approved February 28, 1887, was a penal statute, and did not take effect until thirty days after the adjournment of the legislature at which it was enacted.—Code of 1886, § 3705; *Armstrong v. Buford*, 51 Ala. 410; *People v. Nedrow*, 122 Ill. 363; *Gosselink v. Campbell*, 4 Clarke (Iowa) 300.

HARALSON, J.—I. The bill alleges that complainant, Ross, on the first day of March, 1887, jointly with his wife, executed and delivered a mortgage to the defendant, the appellee, on certain lands therein described, which mortgage is attached to the bill and made part thereof. It was given to secure a loan by defendant to complainant of $7,200 that day made, for which com-

[Ross v. New England Mortgage Security Co.]

plainant executed his note to the defendant, payable on the first of March, 1892, at the office of the Corbin Banking Company of New York, to which note were attached five coupon notes, for the accruing annual interest on said principal sum loaned, payable on the 1st day of December of each year, except the last, which was payable on 1st day of March, 1892, and like the principal, were payable at said banking house in New York. By the terms of the mortgage, if default should be made in the payment of either of these notes, at the option of the holder, the whole sum of money received became due and payable twenty days after such default, and the mortgage foreclosable.

Two of the interest coupon notes—the ones falling due on the 1st of December, 1889, and on the first of December, 1890—were not paid. More than twenty days after default in the payment of the last of said notes, the defendant was proceeding to foreclose said mortgage, according to its terms, by advertisement for a public sale of the lands therein described, when the complainant filed this bill to enjoin that sale, alleging that the mortgage was void, because it was made in violation of the act of the legislature of this State, passed on the 28th of February, 1887, entitled, "An act to give force and effect to section 4, Article XIV of the constitution of the State," forbidding foreign corporations to do business in this State, except on compliance with conditions prescribed in said act. The prayer was, that the mortgage be declared to be void and given up and cancelled, and for general relief.

The offer in the bill to do equity is, "But if said interest notes past due are held valid in any event, complainant hereby offers, and is able and willing and ready to pay the same." A demurrer was interposed to the bill, which was sustained on some of its grounds, when complainant amended the bill, offering to do equity as follows: "Complainant avers, that if, upon the final hearing of this cause, the court should ascertain that said mortgage is void, and should order a reference to the register to ascertain and report the amount due from complainant to respondent, he is ready and willing and able to pay the same." On a submission of the cause, the chancellor, by a reference, ascertained the debt, and rendered a decree of foreclosure of said mortgage, to reverse which this appeal is prosecuted.

II.  Penal laws are defined to be, those which prohibit an act, and impose a penalty for the commission of it.— 2 Rapalje's Law Dic. 945 ; 2 Abb. Law Dic. 231 ; 18 Am. & Eng. Enc. of Law, 270.  The statute approved February 28, 1887—Sess. Acts, 1886–87, p. 102—was intended, as declared in its caption, to give force and effect to section 4, Art. XIV of the constitution of the State.  It was unlawful, before that act was passed, for a foreign corporation to engage in business in this State, "without having at least one known place of business, and an authorized agent or agents therein."  That clause of the constitution was prohibitory, and it required no legislation to carry the mere prohibition into effect, or to give it force.—*Am. Un. Tel. Co. v. Western Un. Tel. Co.*, 67 Ala. 30 ; *Nelms v. Edinburgh Am. L. & M. Co.*, 92 Ala. 159, 9 So. Rep, 141.  And section one of the act approved February 28, 1887, merely gives regulation as to the manner of conducting business in the State by foreign corporations, and did not make it any more unlawful to do business here, without complying with the requirements of the constitution, than before its enactment.  The constitution did not prescribe any penalty for its own violation ; but the statute comes along, and, in order to secure more certain compliance with the fundamental law, prescribes penalties for its violation.  The second section provides, that whoever shall act as agent, or transact any business for any such corporation without having first complied with the provisions of the act, shall forfeit and pay to the State, for each offense, the sum of $500 ; and section four provides a penalty of $1,000 against the corporation, for doing business in the State without having complied with the terms of the act.  It is further prescribed, that these penalties shall be sued for and recovered in the name of the State, by the solicitor of the circuit in which the offense was committed, and when collected, the money is to be paid into the treasury of the State, less the solicitor's fee ; and, in case of the non-payment of such penalty, the party offending shall, on conviction, be imprisoned in the county jail, or sentenced to hard labor for the county, for a period not exceeding six months.  It thus appears that said enactment is essentially a penal statute—*Dudley v. Collier & Pinckard*, 87 Ala. 431, 6 So. Rep. 304.  In that case, which sustains the view of this statute we now

take, it is singular enough, that the contract executed on the 8th March, 1887, succeeding the 28th February, the date the legislature adjourned, was declared illegal, although the thirty days, within which the statute, being penal, had to go into effect, had not elapsed. Section 3705 of the Code evidently escaped the attention of the attorneys engaged in the cause, and it did not occur to the learned judge delivering the opinion.

III.   Section 3705 of the Code provides, that "no penal act shall take effect until thirty days after the adjournment of the General Assembly at which such act was passed, unless otherwise specifically provided in the act."   There was nothing in the act we are considering, directing when it should go into effect.   The legislature adjourned on the 28th February, 1887, the day of the approval of said act.   It follows, therefore, that it did not go into effect until thirty days after that date.— *Armstrong v. Bufford*, 51 Ala. 410; *Olmstead v. Crook*, 89 Ala. 228, 7 So. Rep. 776.   And, inasmuch as this mortgage was executed on the 1st day of March, 1887, within 30 days from the date of said enactment, and as it was not, so far as appears, in violation of that or any other statute, it must be held to be a valid and binding contract between the parties; and there was no error in sustaining the 3d and 4th grounds of demurrer to the bill.— *Amer. Freehold Land Mortgage Co. v. Sewell*, 92 Ala. 170, 9 So. Rep. 143.

IV.   The 5th ground was also properly sustained. There was no offer to do equity by refunding the money which the complainant had received under the mortgage.   He had no right to have a cancellation of this mortgage—as he sought—on the grounds of alleged illegality, in its having violated the provisions of said act without restoring or repaying all that he had received under the mortgage, principal and interest.   His offer was less than this, and was not an offer to do equity.— *Amer. Freehold Land Mortgage Co. v. Sewell*, 92 Ala. 170, 9 So. Rep. 143; *New Eng. Mortgage Security Co. v. Powell*, 97 Ala. 483; Pomeroy's Eq., § 391; 2 Story's Eq., §§ 693–694.

V.   The 4th and 5th assignments of error question the decree of foreclosure rendered in the cause by the chancellor.   Whether or not the court could have proceeded to a foreclosure of the mortgage under this bill,

[Simon & Son v. Johnson.]

filed by the mortgagor, depends upon the offer of complainant in his bill to do equity. The original bill, as we have seen, contained no sufficient offer, and the demurrer was properly sustained on that account. In the amendment to meet this defect no better offer was made. It is conditioned upon the court finding the mortgage to be void, (in which event there could not possibly be a foreclosure), makes no offer to pay, nor does the complainant submit himself to the authority and jurisdiction of the court. There was, however, no demurrer to the bill as thus amended. Yet in a bill filed by a mortgagor, there can be no decree of foreclosure of the mortgage—in the absence of a cross bill by the mortgagee praying a foreclosure—unless the complainant makes an offer in the bill to submit himself to the authority and jurisdiction of the court, so that the court, without more, may compel him to do equity.—*Br. Bank v. Strother*, 15 Ala. 60 ; *Rogers v. Torbut*, 58 Ala. 525 ; *Eslava v. Crompton*, 61 Ala. 514 ; *Garland v. Watson*, 74 Ala. 323.

A decree of foreclosure should not have been rendered in the cause, even if it was agreeable to the defendant for it to have been done. The bill was without any equity, and should have been dismissed. The proof showed that the defendant had complied with the requirements of the constitution, in having a known place of business and an authorized agent thereat in this State before and at the time of the loan of the money and taking the mortgage to secure it.—*Amer. Freehold Land Mortgage Co. v. Sewell, supra.*

Let a decree be here entered, reversing the decree of the chancery court, dissolving the injunction and dismissing the cause at the cost of the appellant both in the lower court and in this court.

Reversed and rendered.