(98 South. 462)

**J. BICE & SONS v. ROBINSON.**
(5 Div. 864.)

(Supreme Court of Alabama. Dec. 20, 1923.)

**1. Appeal and error ⬅️1009(4)—Court's conclusions based on evidence ore tenus not disturbed unless contrary to great weight of evidence.**

Where the conclusions of the trial court in equity as well as law cases are based on evidence ore tenus, they will not be disturbed unless contrary to the great weight of the evidence.

**2. Trial ⬅️11(3)—No rights shown to authorize transfer of equity case to law docket.**

Where, in a suit for specific performance of a contract to convey, and for accounting, the trial court not only found the contract was not induced by fraud, but that respondent owned the land free from a constructive trust, and that the contract had been breached by complainant, and that respondent was not due the complainant anything, no right was shown which authorized the transfer of the cause to the law docket as provided by Gen. Acts 1915, p. 830.

**3. Specific performance ⬅️130—Chancery assuming jurisdiction of equity bill could fix rights of parties.**

Where the chancery court assumes jurisdiction of a bill for specific performance of a contract to convey and for an accounting, it may fix the rights and status of the respective parties; and hence, where it found that respondent was the real owner, and that complainants had breached the contract under which they entered, and that their possessory rights had terminated. it was authorized to restore respondent's possession without the necessity of a cross-bill.

Appeal from Circuit Court, Chilton County: B. K. McMorris, Judge.

Bill in equity by J. Bice & Sons against W. C. Robinson, for specific performance of a contract to convey lands, and for accounting. From a decree denying the relief prayed, and dismissing the bill, complainants appeal. Affirmed.

For a statement of the case, see 206 Ala. 546, 90 South. 307.

J. B. Atkinson, of Clanton, for appellant.

It was error to dismiss the bill in this case. Robinson v. Bice & Sons, 206 Ala. 546, 90 South. 307; Smith v. Smith, 153 Ala. 517, 45 South. 168; Harton v. Little, 188 Ala. 642, 65 South. 951; Pahlin v. Dearman, 181 Ala. 320, 61 South. 941. If the contract was in force, and complainants were not entitled to the relief prayed, the court should have transferred the case to the law side, in order that complainants might sue for damages for breach of the contract. Acts 1915, p. 830; Wilbourne v. Mann, 203 Ala. 26, 81 South. 816. There being no cross-bill or other pleading seeking such action of the court, it was error to decree that the register issue a writ of possession to respondents. Norsworthy v. Willoughby, 176 Ala. 145, 57 South. 717.

Lawrence F. Gerald and Reynolds & Reynolds, all of Clanton, for appellee.

Where testimony is taken orally before the court in equity, decree thereon will not be disturbed, unless plainly erroneous. Hodge v. Joy, 207 Ala. 198, 92 South. 171; McClurkin v. McClurkin, 206 Ala. 513, 90 South. 917; Caples v. Young, 206 Ala. 282, 89 South. 460. There is no occasion for a court of equity to transfer a cause to the law docket, when the court by its decree decides all issues in litigation. Acts 1915, p. 830. Courts of equity have the right to enforce their decrees by the issuance of writs of possession. Hooper v. Yonge, 69 Ala. 484.

ANDERSON, C. J. [1] This cause has been before the court before, wherein the equity of the bill was settled and upheld (206 Ala. 546, 90 South. 307), and this appeal is from a final decree on the facts wherein the trial court held that the complainants were not entitled to relief, in effect, finding that they had not satisfactorily proven either material aspect of the bill. The evidence was ore tenus, and when this is the case the conclusion reached by the trial court is like unto the verdict of a jury, and will not be disturbed by this court unless contrary to the great weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 South. 52. This rule applies to the trial of equity as well as law cases. Brassell v. Brassell, 205 Ala. 201, 87 South. 347; Hodge v. Joy, 207 Ala. 198, 92 South. 171, and many cases there cited. One theory of the evidence fully supported the conclusion of the trial court, and we cannot say that the same was contrary to the great weight of the evidence.

[2] The trial court not only found that the contract was not induced by fraud but that the respondent owned the land free from a constructive trust, and that said contract had been breached by the complainants and not the respondent, and, in effect, found

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that respondent was not due the complainant anything; and, this being the case, there was no legal right shown which authorized the transfer of the cause to the law docket as provided by Acts of 1915, p. 830. We fail to discover the applicability of the case of Wilbourne v. Mann, 203 Ala. 26, 81 South. 816, cited by appellants' counsel.

[3] The bill contained equity, and the chancery court, having assumed jurisdiction, does not act by piecemeal, but has the power and authority to adjust the rights and fix the status of the respective parties. Having found that respondent was the real owner of the land, and that complainants had breached the contract under which they had entered, and that their possessory right had terminated, the court had the right to restore the respondent's possession without the necessity of a cross-bill. Indeed, the court, on former appeal, stated that there was no necessity for the respondent's cross-bill. This is, of course, a different sort of case from a bill to quiet title under the statute by one in peaceable possession, and where the respondent seeks affirmative relief.

The decree of the circuit court is affirmed. Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.