(110 So. 273)

**SHOWS v. JACKSON, Superintendent of Banks.　(3 Div. 743.)**

(Supreme Court of Alabama.　Nov. 17, 1926.)

**1. Appeal and error ☞1012(1).**

Findings of fact on oral testimony, heard by court without jury, will not be disturbed unless clearly wrong or contrary to great weight of evidence.

**2. Appeal and error ☞931(1).**

Findings of fact by court without jury are accorded same presumption as verdict of jury.

**3. Exemptions ☞92.**

Under Code 1907, § 5021, waiver of exemptions contained in face of note is not binding on one indorsing note on back thereof.

**4. Bills and notes ☞296—Indorser held to warrant genuineness of instrument, good title, capacity of prior parties, validity of instrument, and that it would be paid.**

Indorser, under statute, *held* to warrant genuineness of instrument, that negotiator had good title, that all prior parties had capacity to contract, that the instrument was valid and subsisting, and that it would be accepted or paid, or both on due presentment.

**5. Bills and notes ☞422(3)—Statutory provision as to implied waiver of notice of dishonor by indorser will not be extended beyond its terms (Acts 1909, p. 143, §§ 109, 110).**

Provision as to binding of indorser by implication contained in Acts 1909, p. 143, §§ 109, 110, providing that notice of dishonor may be waived, and where waived in instrument is binding on all parties, will not be extended beyond its terms.

**6. Bills and notes ☞290.**

Indorsement may be limited as to indorser's liability and the extent thereof by the terms of the indorsement.

**7. Venue ☞17—Limited or qualified indorser on back of note held not bound by provision on face of note for waiver of venue provisions by all parties whether maker or indorser (Code 1907, §§ 5021, 5022, and section 6610, as amended by Acts 1923, p. 53).**

Provision on face of note whereby all parties, whether maker or indorser, waived venue provisions and consented to be sued in particular county, *held* not binding on indorser who signed on back of note and specifically waived only notice of demand, protest, and nonpayment, and right of exemptions to personal property, in view of Code 1907, §§ 5021, 5022, and section 6610, as amended by Acts 1923, p. 53.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action on promissory note by A. E. Jackson, as Superintendent of Banks for the State of Alabama, administering the affairs of the Merchants' Bank, against T. W. Shows. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

James J. Mayfield and Henry C. Meader, both of Montgomery, for appellant.

A waiver of venue contained in the face of a note is not binding on one indorsing said note on the back thereof. Jordan v. Long, 109 Ala. 414, 19 So. 843; Scarbrough v. Anniston Bank, 157 Ala. 577, 48 So. 62, 131 Am. St. Rep. 71. Code 1907, § 5021. Such a waiver is no part of an ordinary waive note, and cannot be read into the contract of an indorser. Stewart v. Capital Fertilizer Co., 207 Ala. 596, 93 So. 641. An indorser may limit liability by the terms of his indorsement. Cole v. Tuck, 108 Ala. 227, 19 So. 377. The act of 1923 affects only the remedy, and applies to all suits brought after its approval. Acts 1923, p. 53; Tutwiler v. Tuskaloosa C., I. & Land Co., 89 Ala. 391, 7 So. 398; G. I. B. of L. E. v. Green, 206 Ala. 196, 89 So. 435.

Steiner, Crum & Weil, of Montgomery, for appellee.

An indorser of a note containing an agreement on its face expressly referring to the

rights and liabilities of an indorser, and making him a party to the undertaking, is bound by such agreement. Little v. Bank of Mobile, 209 Ala. 620, 96 So. 763; People's Bank v. Moore, 201 Ala. 411, 78 So. 789; 8 C. J. 701; Atkins v. Dixie Fair Co., 135 La. 622, 65 So. 762; Bonart v. Rabito, 141 La. 970, 76 So. 166; Bank of Conway v. Stary, 51 N. D. 399, 200 N. W. 505, 37 A. L. R. 1186; Daniel on Neg. Instr. (6th Ed.) § 1092. The agreement as to venue is valid and binding as a valuable element of the consideration supporting the contract. Thompson v. Union Springs Guano Co., 202 Ala. 327, 80 So. 409; Brown v. Alabama Chemical Co., 207 Ala. 215, 92 So. 260. The act of 1923 is not retroactive; if so, the effect would be to impair the obligation of contracts. Sutherland, Stat. Const. § 663; National Union v. Sherry, 180 Ala. 634, 61 So. 944; Edwards v. Williamson, 70 Ala. 145; Barrington v. Barrington, 200 Ala. 315, 76 So. 81; U. S. v. St. Louis, etc., R. Co., 270 U. S. 1, 46 S. Ct. 182, 70 L. Ed. 207. The trial was before the court without a jury, and the evidence taken ore tenus; accordingly the result will not be disturbed, unless clearly wrong. Perry v. Marbury Lumber Co., 212 Ala. 542, 103 So. 580; Fleming v. Moore, 213 Ala. 592, 105 So. 679.

THOMAS, J. [1, 2] The trial of the facts was had before the court without a jury, and the evidence was ore tenus. The result of such a trial will not be disturbed unless clearly wrong or contrary to the great weight of the evidence. Fleming v. Moore, 213 Ala. 592, 105 So. 679, 682; Perry v. Marbury Lbr. Co., 212 Ala. 542, 103 So. 580; Bice v. Robinson, 210 Ala. 471, 98 So. 462; Hodge v. Joy, 207 Ala. 198, 92 So. 171; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Brassell v. Brassell, 205 Ala. 201, 87 So. 347; Hackett v. Cash, 196 Ala. 403, 72 So. 52. In such case the finding of fact is accorded the same presumption as the verdict of a jury. N. C. & St. L. Ry. Co. v. Crosby, 194 Ala. 338, 349, 70 So. 7; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

Appellee sued appellant in the circuit court of Montgomery county seeking to recover from him as indorser of a negotiable promissory note executed by the Bank of Luverne, as maker, to the Merchants' Bank of Montgomery, on September 21, 1921, and payable on October 21, 1921, indorsed on the back by appellant-defendant. On the face of the note appeared the following:

"The parties to this note, whether maker, indorser, surety or guarantor, each for himself, hereby severally waive as to this debt, or any renewal thereof, all right of exemption under the Constitution and laws of Alabama or any other state as to personal property, and they each severally agree to pay all costs of collecting or securing, or attempting to collect or secure this note, including a reasonable attorney's fee whether the same be collected or secured by suit or otherwise. And the maker, indorser, surety or guarantor of this note severally waives demand, presentment, protest, notice of protest, suit and all other requirements necessary to hold them, and they agree that time of payment may be extended without notice to them of such extension. The bank at which this note is payable is hereby authorized to apply on or after maturity, to the payment of this debt any funds in said bank belonging to the maker, surety, indorser, guarantor or any one of them. And should it become necessary to sue on this note, the owner thereof may bring suit thereon against the maker or indorser, or both, either in Montgomery county, Ala., or in the county of our residence, although the maker or indorser may not be or have been a resident of Montgomery county, Ala."

On the back of the said note was printed the following language:

"Each indorser of this note hereby waives all right of exemptions as to personal property, and agrees to pay a reasonable attorney's fee for collecting or attempting to collect this debt; also waives notice of demand, protest and nonpayment."

Beneath this language on the back of said note appears the indorsement of T. W. Shows, the defendant. At the time of making said note, and at all times subsequent thereto, said indorser, Shows, was a resident of Crenshaw county, Ala.

The defendant appeared specially and duly filed the four pleas in abatement (numbered 1, 2, 12, and 14) exhibited by the record. The first plea in abatement took the point that the defendant, as indorser, had never contracted away or waived his right to be sued in the county of his residence, Crenshaw county. The second set up the Act of 1923, approved February 10, 1923, p. 55, amending section 6110 of the Code of 1907 by adding thereto the following language:

"Any agreement or stipulation, verbal or written, whereby the venue herein prescribed is proposed to be altered or changed so that suits may be brought contrary to the provisions of this section, is void."

This act was in effect prior to the filing of this suit. Pleas 12 and 14 set up the fact that defendant was a resident of Crenshaw county, and not a resident of Montgomery county. Demurrers to all of defendant's pleas in abatement having been sustained, all pleas to the merits were withdrawn, and defendant pleaded in short by consent any matter that might be specially pleaded, with leave on the part of the plaintiff to reply in like manner, the same in all respects as if pleaded at length.

[3] Assignments of error 1 to 6, inclusive, are directed to the action of the court in sustaining demurrers to defendant's plea in abatement 1, which plea took the point that the indorser had not waived his right to be sued in the county of his residence, and that such waiver was no part of the contract which he had entered into. It has been held by this court that a waiver of exemptions con-

tained in the face of a note is not binding on one indorsing said note on the back thereof under the provisions of the statute (Code 1907, § 5021). Jordan v. Long, 109 Ala. 414, 417, 19 So. 843; Consolidated, etc., Co. v. Malik, 207 Ala. 120, 92 So. 262; Scarbrough v. Anniston City Nat. Bank, 157 Ala. 577, 582, 583, 48 So. 62, 131 Am. St. Rep. 71. It is settled that:

"These stipulations imported by the indorsement constitute a new contract, independent of that evidenced by the contract of the maker of the note, based upon a new and independent consideration, and imposing liabilities and obligations on the indorser which do not rest upon the maker. 2 Rand. Com. Paper, § 739; Tied. Com. Paper, § 256; Daniel Neg. Instr. § 669; Byles on Bills, 153; McGhee v. Importers' & Traders' Bank, 92 Ala. 192, 194 [9 So. 734];" Jordan v. Long, 109 Ala. 414, 417, 19 So. 843, 844.

In Schillinger v. Leary, 201 Ala. 256, 258, 77 So. 846, 848, it is said:

"Under our statute a joint action against the maker and the indorser of a promissory note cannot be maintained, since the obligation of each is several, and the liability of each is dependent upon different conditions."

[4] The indorsement in question, and the statute to be read therein, made the warranty to those subsequently holding in due course that: (1) The instrument was genuine as it purported to be; (2) the negotiator had a good title to it; (3) all prior parties thereto had capacity to contract in the premises; (4) the instrument at the time of his indorsement was valid and subsisting; and (5) he "engages that on due presentment it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it."

It is further provided by section 5022, Code of 1907:

"Where a person places his indorsement on an instrument negotiable by delivery he incurs all the liabilities of an indorser."

[5] The Negotiable Instruments Act further say that notice of dishonor may be waived, and that where waived in the instrument it is binding upon all parties. Act 1909, p. 126, §§ 109, 110. This specific provision as to binding the indorser by implication will not be extended beyond its terms, and evidences a legislative intent that such be the limitation.

In the case of Little v. People's Bank of Mobile, 209 Ala. 620, 622, 96 So. 763, 765, this court said:

"On the reverse side of the note the names of the defendant, Lucile E. Little, and her husband, J. R. Little (who purports to have signed the Denton Company's name to the note), appear as indorsers (Code, § 5018), following, among other statements, this: 'Each and every indorser of this note hereby waives demand, protest and notice of protest, and all requirements necessary to hold them as indorsers.' This waiver was effectual for the purposes stipulated."

The like effect to an indorsement is given in Somerall v. Citizens' Bank, 211 Ala. 630, 633, 101 So. 429.

[6] It is further established in this jurisdiction that an indorsement may be limited as to the indorser's liability—the extent thereof—by the terms of the indorsement. Little v. Bank, supra; Cole v. Tuck, 108 Ala. 227, 19 So. 377; Bates v. Ryland, 6 Ala. 668; Lockett v. Howze, 18 Ala. 613; Lodor v. Gayle, 29 Ala. 412; Walker v. Wiggintons, 50 Ala. 579; Thomason v. Cooper, 57 Ala. 560.

[7] We are brought to the consideration of the question whether a waiver of venue is such a material part of the waive note in question as that it became the contract of the indorser, Shows. In Stewart v. Capital Fertilizer Co., 207 Ala. 596, 93 So. 641, the cases of Thompson v. Union Springs Guano Co., 202 Ala. 327, 80 So. 409, and Brown v. Chemical Co., 207 Ala. 215, 92 So. 260, were adverted to as binding the makers of said notes respectively declared upon, and it was held that the venue provision as to the maker was not void as against public policy. And there is no doubt that the applicable provisions of the statute, Acts 1923, p. 53, amending Code 1907, § 6110, were inserted to meet the effect of these decisions. It will only be necessary that we consider the rulings in sustaining demurrers to pleas 1 and 12.

In addition to the foregong authorities, it should be said that the question of the liability of the maker of a note containing like provision as to venue was discussed from another angle in Coston-Riles Lumber Co. v. Alabama Mach. & Sup. Co., 209 Ala. 151, 95 So. 577, and it was held:

"Defendant corporation, domiciled and doing business in J. county and not in M. county, authorized its treasurer to execute its notes to plaintiff corporation for the amount owing it. Each note executed contained a provision that all suits for collection thereof should be prosecuted in M. county and not elsewhere. Held that, the venue provision not being necessary to the full exercise of the authority granted to the treasurer, its inclusion was neither natural nor to be expected, was in excess of his authority, and did not bind the corporation."

Now it would appear that if the venue provision was out of the ordinary and not necessary to the full exercise of the authority granted and its inclusion in the promissory note was at that time "neither usual nor to be expected," in the last-cited case, by the same analogy the limited indorser or the qualified indorser in instant case would not be bound without the venue provision was included with the other matter in the terms of his indorsement.

Assignments of error are directed to the ac-

tion of the court in sustaining plaintiff's demurrers to defendant's pleas in abatement 1 and 12, which pleas took the point that defendant had not contracted or agreed in writing that suit might be brought against him in Montgomery county. There was error in sustaining demurrers to said pleas.

The cases cited from other jurisdictions need not be discussed; those from this jurisdiction were where the indorsement was in blank or the acceptance was with condition. For example, in People's Bank of Mobile v. Moore, 201 Ala. 412, 78 So. 789, the indorsement was limited to the payment from funds of the "Pass Aux Heron U. S. government contract to be completed about June 1st, 1914," and the express terms of her undertaking were not permitted to be enlarged by the understanding of the parties, or by contradictory parol agreement. We have already adverted to Little v. Bank of Mobile, 209 Ala. 620, 622, 624, 96 So. 763.

The unusual stipulation or condition as to venue will not be supplied by implication to the express provisions, conditions, or limitations of the agreement evidenced by the written indorsement of Shows.

For the overruling of demurrers to pleas 1 and 12, the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.