195 So. 215

## GROOMS v. BROWN–MARX CO.

### 6 Div. 435.

Supreme Court of Alabama.

March 28, 1940.

Beddow, Ray & Jones, of Birmingham, for appellant.

285

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellee.

GARDNER, Justice.

The original bill is one for specific performance of a contract to execute a lease upon the property situated in the city of Birmingham, and known as the Metropolitan Hotel, the lease to expire September 30, 1943, and based upon a consideration of $210 per month, plus certain percentage of gross receipts.

The case as made by complainant Grooms rests upon an alleged oral contract of lease made with him by one Kelly, who is president of defendant corporation, the payment of the first month's rent of $210, and the further consideration that he was placed by Kelly in possession of the property under said oral contract.

At the time of this alleged contract, Grooms and his partner McIllwain were in control of the hotel under lease of March 1938. More than $400 was past due on this rental contract, a mortgage to a third party of $700 on furnishings in the hotel was past due, and Grooms was individually in arrears on his restaurant rent to defendant. McIllwain seems to have been in actual charge of the hotel, and it is Grooms' insistence that both he and Kelly were anxious that McIllwain get out, and that he cooperated with Kelly in an unlawful detainer suit to that end, which was at last successful.

It was under these circumstances, and looking to the eviction of McIllwain, that Grooms claims Kelly made the oral agreement to execute a lease to him for the unexpired portion of the partnership lease upon deposit of $210 as an advance monthly payment; that Kelly would buy the mortgage on the furnishings for Grooms' benefit, and would extend the time of payment thereon as well as all past due rental indebtedness to the following spring. That $210 was paid is undisputed, but defendant insists it was a payment on past due indebtedness, and not on any lease contract. Grooms is corroborated in his theory of the case by his then counsel—present counsel having no connection with the matter at that time.

Kelly, on the other hand, positively contradicts Grooms' theory of the case upon every material point, denies any such contract was made, and insists that the only agreement with Grooms in regard to the question of a lease was a day to day lease executed by Grooms on September 3, 1938, and to be terminated on one day's notice, which lease is in evidence, and in the usual printed rental form. Kelly insists that all along he informed Grooms before he could consider making him any lease all past due rent must be taken care of, and that he reminded him often of the fact that a check for $68.90 Grooms had endorsed to him had been returned unpaid: that the $210 was credited on the books for past due rent both on the hotel and restaurant. Kelly did purchase, and have assigned the chattel mortgage on the furnishings. But he denies it was for Grooms' benefit, and insists it was for the defendant's better protection of the hotel business. Supporting Kelly to the effect no verbal rental contract was made with Grooms is the testimony of Zukoski as to conversation with Grooms.

But upon this matter of specific performance, the case presents purely a question of fact. We have considered the language of the Act of 1915 (General Acts 1915, page 594; section 10336, Michie's Code) as an invitation to omit detail discussion of the evidence in such cases as it would serve no useful purpose. Williams v. Ellington, 233 Ala. 638, 172 So. 903. Suffice it to say the evidence has been read with care, and studied in the light of argument of counsel.

The trial judge, who saw and heard the witnesses, remarked during the progress

of the trial that he did not have "in mind any point either of them has affirmed and the other hasn't denied," and, indeed, the evidence is in very sharp conflict. The trial judge wrote a helpful opinion, which discloses that he considered defendant's theory of the case as more reasonable and more in harmony with prudent business methods.

■ To justify relief in a case of this character (parol contract as to realty) the evidence must be such as to produce a clear conviction of the existence and terms of the contract as alleged. Harrison v. Harrison, 198 Ala. 159, 73 So. 454; Barnes v. White, 195 Ala. 588, 71 So. 114.

■ Without further discussion of the proof, we state our conclusion that, from our study of the record, we find no justification for a disturbance of the conclusion of the court below that complainant had failed to meet the burden of proof resting upon him, and that the relief of specific performance is to be denied.

Complainant further insists that even though denial of relief of specific performance to him be held justified, yet the court erred in ordering him to surrender to defendant the real estate involved, and the personal property embraced in the chattel mortgage.

■ Complainant in his bill sought injunctive relief as against interference of his possession, both of the real estate and the personalty, and it is clear enough the alleged contract as to the extension of time for payment of the chattel mortgage debt, as well as past due rent, was a part of the same alleged contract as to the five year lease. Complainant offered in his bill to do equity and perform any decree according to its terms, which may be rendered by the court. Complainant's argument rests upon the general rule that affirmative relief will not be granted a defendant in the absence of a cross-bill. Vol. 8 Ala.Dig., Equity, ☞196, and authorities there cited; Marshall v. Rogers, 230 Ala. 305, 160 So. 865.

■ But there are exceptions to the general rule. Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 So. 186; O'-Kelley v. Clark, 184 Ala. 391, 63 So. 948; 21 Corpus Juris 501. And one of these exceptions has reference to case of specific performance of contracts. The court having assumed jurisdiction, in harmony with the maxim that "Equity delights to do justice, and that not by halves" (21 Corpus Juris 198), will not act by piecemeal, but has the power to so mold its decree and do complete justice between the parties, adjust their rights and fix their status. Such was the holding of this Court in Bice & Sons v. Robinson, 210 Ala. 471, 98 So. 462, where complainant in a bill for specific performance was denied relief, and the defendant restored the possession of the property without the necessity of a cross-bill.

So, likewise, the court had the right to order the delivery of the personal property embraced in the chattel mortgage, the issue concerning which was interwoven with that as to the real estate.

This chattel mortgage was past due, and defendant as the owner of the mortgage was entitled to the possession of the property, and could have maintained detinue therefor. It would have been out of harmony with the equitable maxim above quoted for the court to have required defendant to resort to detinue for its recovery. There was indeed no controversy as to this mortgage or the amount due thereon, as we read the record. See, page 123, transcript.

Complainant argues upon the assumption the court has ordered foreclosure of the chattel mortgage, and directs attention to the language found in the opinion of Ross v. New England Mortgage Security Co., 101 Ala. 362, 13 So. 564. But see Seed v. Brown, 180 Ala. 8, 60 So. 98, for comparison.

We do not enter into any matter of reconciliation of the authorities as to those cases involving foreclosure of mortgages, as we have no such situation here presented.

Here complainant sought injunctive relief against defendant acquiring possession. The court finds complainant was not entitled to relief, and his injunctive writ is dissolved, and to do complete justice merely orders the property, both real and personal, to be delivered to defendant. Complainant's possessory right as to the realty, which was dependent upon the day to day lease, had terminated, and so likewise his possessory right as to the personalty. There was therefore no error in the decree which ordered him to surrender the possession to defendant as to which his possessory right had ended. But further discussion is unnecessary.

We conclude the decree was in all respects correct, and is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.