ALMON, Justice.
This is an appeal from an order granting a motion to dismiss. Because the order did not adjudicate the rights of all parties to the action, the trial court certified the order as final pursuant to the provision of Rule 54(b), A.R.Civ.P.
The dispute concerns an easement for a driveway over two adjoining parcels of land. The easement was created in 1955 by deeds between the owners of the lots. Terry L. Burchfield and Cathy W. Burch-field purchased Lot 41 on February 25, 1980, and mortgaged the lot to Engel Mortgage Company, Inc., on that date. E.Y. Hinkle and Eugenia B. Yail Hinkle acquired Lot 40 from Mrs. Hinkle’s father, who was one of the parties creating the easement in 1955. The driveway runs along the border of the lots, partially on one lot and partially on the other, and then forks to reach separate parking areas in the rear of the two lots.
On September 5, 1982, the Burchfields contracted with Strain Construction Company to build a new house for them elsewhere. The contract provided that if the Burchfields could not sell their house on Lot 41 on the open market, Strain Construction Company would purchase it for $2,600 equity and assume the mortgage. On or about February 21,.1983, Charles B. Strain and George L. Morris III agreed to take Strain Construction Company’s position and purchase the house and Lot 41, which had not sold on the market. A closing took place on April 19, 1983, at which the Burchfields purchased the new house built by Strain Construction Company and Strain and Morris purchased the Lot 41 property.
Meanwhile, on January 27, 1983, the Hin-kles and the Burchfields executed deeds terminating the driveway easement. The Burchfields “release[d], quit claim[ed], grant[ed], [sold], and convey[ed] ... all their right, title, interest and claim in or to ... Lot 40 ..., particularly that part of the joint driveway lying between said Lots 40 and 41 but lying in and being a part of said Lot 40.” The Hinkles similarly conveyed their interest in Lot 41. These deeds were recorded on February 2, 1983.
Strain, Morris, and Engel Mortgage Company filed a complaint on July 29, 1983, against the Burchfields and the Hin-kles. The complaint alleged that the Hin-kles had erected a fence along the property line approximately two weeks after Strain and Morris purchased the property, thereby obstructing the use of the driveway and preventing access to the rear of the lot and the garage located there. The complaint further alleged that Engel Mortgage Company neither was aware of nor joined in the conveyance of the driveway easement, and that the conveyances were not communicated to nor mentioned to Strain and Morris until after the erection of the fence.
Strain, Morris, and Engel sought declaratory relief determining “the respective rights of the parties with respect to the use of the driveway together with the rights and obligations between Plaintiff, Engel Mortgage Company, and Defendants regarding title to the driveway.” Strain and Morris included additional prayers for relief, seeking, in one prayer, rescission of the deed and contract between them and the Burchfields, or, in the other prayer, compensatory damages for obstruction of the driveway by the actions of the Burch-fields and the Hinkles and punitive dam *396 ages for intentional fraud by the Burch-fields.
The Burchfields and the Hinkles filed separate motions to dismiss the complaint. The trial court granted the Hinkles’ motion, allowing plaintiffs 21 days to amend. Strain, Morris, and Engel filed an amended complaint, alleging that the purported conveyances were defective and did not terminate the rights of the owners to use the joint driveway, and that the Hinkles were causing damage to the plaintiffs by the erection of the fence. The amended complaint requested that the Hinkles be required to remove the fence and to pay damages.
The Hinkles filed a motion to dismiss the amended complaint for failure to state “a cause of action against the said Defendants upon which relief may be granted.” See Rule 12(b)(6), A.R.Civ.P. The trial court granted this motion as to Strain and Morris, giving them 21 days to amend, but denied it as to Engel.
Strain, Morris, and Engel filed a second amendment to the complaint, realleging the averments of the original complaint and the prior amendment. This second amended complaint included, as exhibits, documents setting forth the pertinent chains of title to Lots 40 and 41. This complaint averred that
“the paragraph of the [1955] joint driveway agreement that addresses any modification of same is as follows:
“ ‘It is understood and agreed that the existing joint driveway shall not be changed or moved except by the consent of the parties hereto or their assigns.’ ”
It then alleged that the quitclaim deeds did not terminate the driveway easement, because, inter alia, “not all necessary assigns have executed or joined in any agreement to change or modify the original joint driveway agreement.” The second amended complaint asked the court to “declare that the joint driveway agreement be in full force and effect subject only to the Defendants’ being estopped from asserting any rights to the joint drive by virtue of the quitclaim deeds which they executed to each other.”
The trial court granted the Hinkles’ ensuing motion to dismiss the second amended complaint as to Strain and Morris and denied it as to Engel. Strain and Morris thereupon brought this appeal.
In one manner of viewing the action, the question this appeal presents is whether Strain and Morris, who purchased Lot 41 and the house thereon with record notice that their vendors had relinquished any claim to the driveway easement over Lot 40, may maintain . an action against the Hinkles, who, for all the pleadings show, entered in good faith into the cross-conveyance of the driveway easement. Any such right of Strain and Morris to proceed against the Hinkles would appear to depend upon the right of Engel Mortgage Company, as holder of legal title to Lot 41, to set aside the deed purporting to terminate the easement over Lot 40 which benefited Lot 41.
Another perspective which we deem essential to the action arises from the equitable maxim “Equity delights to do justice, and not by halves.” Owens v. Owens, 281 Ala. 239, 243, 201 So.2d 396, 399 (1967); Local Union No. 57 v. Boyd, 245 Ala. 227, 16 So.2d 705 (1944); Grooms v. Brown-Marx Co., 239 Ala. 284, 195 So. 215 (1940). Under the claims which remain pending, it is quite conceivable that the court, if it grants relief, will need to adjust the equities as between Strain and Morris and the Hinkles.
In the first place, Engel has at least a colorable claim for the relief of having the Burchfields’ deed relinquishing the easement over Lot 40 set aside and held void. Engel, as mortgagee, owns legal title to Lot 41. Trauner v. Lowrey, 369 So.2d 531 (Ala.1979). Because the exhibits indicate that Lot 41 is not wide enough for a driveway to reach the garage at the rear, En-gel’s interest in the property has been adversely affected. The trial court might grant the relief which Engel has sought of holding the easement conveyance void and requiring the Hinkles to remove the fence. *397 As a practical matter, this relief might benefit Strain and Morris, so the trial court might wish to adjudge the respective rights between the Hinkles and Strain and Morris in such event.
The pleadings show that Strain and Morris purchased Lot 41 with record notice of the easement conveyances. Nevertheless, a motion to dismiss is not to be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Rule 12(b)(6), A.R.Civ.P. Williams v. Kasai, 429 So.2d 1008 (Ala.1983); Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979); Dunson v. Friedlander Realty, 369 So.2d 792 (Ala.1979). At least two possible sets of facts inferable from the pleadings might persuade a court in equity to grant relief to Strain and Morris against the Hinkles.
First, although the complaint alleges fraud only against the Burchfields, facts might develop at trial which could impute at least constructive fraud to the Hinkles. They must have been aware that the Burchfields were trying to sell their house, and they may have been aware of the contract by which Strain Construction agreed to purchase the house if it did not otherwise sell. Mrs. Hinkle and her family had lived on Lot 40 for nearly 30 years since the recordation of the easement agreement, and they may have seized upon a perceived opportunity to easily terminate the easement.
Second, the possibility appears that Strain and Morris might not be held to record notice. The Burchfields moved for, and the court granted, permission to add American Title Insurance Company as a defendant (and, incidentally, as a counter-defendant to the Burchfields’ counterclaim against Strain and Morris). This motion alleged that American Title, while acting pursuant to the agreement between the Burchfields and Strain Construction, “failed to properly investigate the title” to Lot 41. If it appears at trial that American Title searched the Burchfields’ title at any time between their September 5, 1982, agreement with Strain Construction and the February 2, 1983, recordation of the easement deed, the force of the notice statutes, e.g., Code 1975, § 35-4-51, might be diminished as to the equitable claim of Strain and Morris against the Burchfields’ grantees, the Hinkles.
Even with the granting of the Hin-kles’ motion to dismiss as to Strain and Morris, Strain and Morris remain in the action as plaintiffs against the Burchfields and the Hinkles remain as defendants because of Engel’s presence in the action. In view of the disfavor in which motions to dismiss are held, see cases cited above and other cases construing Rule 12(b)(6), and in view of the possibility that the adjustment of all the equities in this case might affect the interests of the Hinkles and Strain and Morris vis-a-vis each other, we find that it was error to dismiss this aspect of the complaint.
For the reasons stated above, the judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.